**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Girlie Griffin HALL, Defendant-Appellee.**

**No. 90-3074**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 25, 1991.

[redacted]

* See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Mark B. Devereaux, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellant.

G. Everett Williams, Jacksonville, Fla., for defendant-appellee.

Before FAY, KRAVITCH and BIRCH, Circuit Judges.

PER CURIAM:

The government appeals the sentence imposed by the district court in the case of Girlie Griffen Hall, on the ground that the court improperly sentenced Hall to a term lower than the statutory minimum. We agree.

## I.

Hall pled guilty to conspiring to manufacture, distribute, and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841, 846. The district court calculated a sentence according to the guidelines as follows: The base level for possession of 50–150 grams of cocaine was 32. The court then gave Hall credit for being a minor participant and acceptance of responsibility, producing a level of 28. The court determined that Hall's criminal history category was I, which resulted in a range of imprisonment of 78–97 months. The sentence imposed was 78 months imprisonment.

The court, however, failed to apply the minimum statutory sentence requirement. Because that amount of cocaine involved exceeded 50 grams, the statutory minimum sentence was 10 years (120 months). 21 U.S.C. § 841(b)(1)(A)(iii). The guidelines state that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Sentencing Guidelines § 5G1.1(b). We previously have held that the minimum sentence provision is constitutional. *United States v. Rodriguez–Suarez*, 856 F.2d 135, 137 (11th Cir.1988), *cert. denied*, 488 U.S. 1045, 109 S.Ct. 875, 102 L.Ed.2d 998 (1989). The only authorization for a district court to depart from this provision is when the government moves for departure based on the defendant's substantial assistance to the investigation. 18 U.S.C. § 3553(e). The government did not so move in this case. Nonetheless, the court departed from the minimum sentence, apparently based on Hall's advanced age and heart condition. Because the court lacked the

authority to sentence Hall to less than the 10–year minimum, we vacate the sentence and remand for sentencing according to the statutory minimum.

## II.

■ Judge Birch, in dissent, challenges our jurisdiction to hear this appeal on the ground that the authorization for the government to appeal, required by 18 U.S.C. § 3742(b), was originally absent from the appellate record, and was not received by this Court until well after the notice of appeal was filed. Section 3742(b) states, in part: "The government may file a notice of appeal in the district court for review of an otherwise final sentence if ... the Attorney General or the Solicitor General personally approves the filing of the notice of appeal."[1] The record indicates that approval was given before the notice of appeal was filed: the Solicitor General gave his approval on January 4, 1990, and the United States Attorney for the Middle District of Florida then filed the notice of appeal on January 12, 1990. The government did not supply proof of approval, however, until requested to do so by this Court.

The statute does not require that approval be in writing or that proof of approval be included in the appellate record. Although we have not ruled on the precise issue of whether failure to include such proof renders an appeal invalid, we noted in *United States v. Long,* 911 F.2d 1482 (11th Cir. 1990), that two circuits had held that Section 3742(b)'s personal-approval requirement was not jurisdictional. *Id.* at 1484–

85. We quoted with approval a Sixth Circuit opinion that held that " 'proof of the personal approval is not of jurisdictional dimensions in the sense that a timely notice of appeal in a criminal case is jurisdictional.' " *Id.* (quoting *United States v. Smith,* 910 F.2d 326, 328 (6th Cir.1990)). We also quoted with approval a Third Circuit opinion stating that " 'the fact that the government's notice of appeal failed to indicate this notice of approval in its text does not dictate dismissal.' " *Long, supra,* 911 F.2d at 1484 (quoting *United States v. Gurgiolo,* 894 F.2d 56, 57 n. 1 (3d Cir.1990)).

In *Long,* we held that the government's failure to obtain the personal approval required by Section 3742(b) was not a ground for dismissal. We believe that the same conclusion must be reached in the present situation, in which the government actually did obtain personal approval from the Solicitor General before filing the notice of appeal, but failed to include the proof with the notice of appeal.[2]

VACATED and REMANDED.

BIRCH, Circuit Judge, dissenting:

For the following reasons, I respectfully dissent. Based on the response to this court's request for a copy of the authorization of the Solicitor General to appeal this case pursuant to Sentencing Guidelines, I am convinced that we do not have jurisdiction over this appeal. The Department of Justice submitted to the court the approved document. That document indicates that the authorization to appeal was signed on January 4, 1990. Such authorization never appeared in the record presented to this

---

1. Although the present case is not affected, we note that Congress has since amended § 3742(b) to read, in part: "The Government may file a notice of appeal in the district court for review of an otherwise final sentence.... [but t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." This language seems to indicate that approval before the filing of a notice of appeal is no longer required.

2. The Eleventh Circuit has not promulgated a rule that proof of approval must accompany a notice of appeal. In *Long,* we noted that the

Sixth Circuit had prospectively created such a rule. *Long, supra,* 911 F.2d at 1485 n. 3 (citing *Smith, supra,* 910 F.2d at 328). Even after the Sixth Circuit created this rule, however, it continued to accept jurisdiction over government appeals that failed to comply with its rule. *See United States v. Rutana,* 932 F.2d 1155, 1158 n. 5 (noting jurisdiction over appeal "despite the government's belated submission of certification of written approval of the Solicitor General.") The future significance of the entire question is doubtful because the new language of § 3742(b) appears to permit the government to obtain the required approval after the notice of appeal is filed. *See supra* note 1.

court initially, and was given some ten months after the notice of appeal was filed. Accordingly for the reasons set out in my previous dissent in *United States v. Long*, 911 F.2d 1482 (11th Cir.1990), it is my opinion that this court does not have jurisdiction over this matter.