**UNITED STATES of America, Plaintiff–Appellee, Cross– Appellant,**

v.

**Thomas L. MERCER, Defendant– Appellant, Cross–Appellee.**

**No. 00–1087, 00–1178.**

United States Court of Appeals, Sixth Circuit.

Oct. 3, 2001.

Before KEITH, KENNEDY, and
BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Thomas Mercer was charged in a third superceding indictment with multiple counts of mail fraud, 18 U.S.C. § 1341, false statements to a bank, 18 U.S.C. § 1014, deceptive use of a social security number, 42 U.S.C. § 408(a)(7)(B), and conspiracy, 18 U.S.C. § 371. Defendant pleaded guilty to two mail fraud counts pursuant to a second modified Rule 11 plea agreement. (J.A. 135.) The district court sentenced defendant to sixty-five months in prison. Defendant appealed, alleging six sentencing errors committed by the district court. The government cross-appealed, alleging that the district court erred in failing to impose a three level sentence enhancement for committing an offense while on release. For the reasons stated below, we hold that the district court did not err on any of the grounds put forth by defendant. We remand, however, for the district court to consider an enhancement under U.S.S.G. § 2J1.7.

### I.

Defendant was engaged in an insurance fraud scheme, primarily involving false disability insurance claims, beginning in 1991. Defendant filed multiple false claims with automobile insurance companies or with companies that had enrolled defendant and others under individual or group disability policies. In particular, defendant reported lost income due to fully disabling injuries.

Defendant was originally indicted on January 22, 1998 on nine counts of mail fraud and false representation of a social security number. (J.A. 47.) On January 19, 1999, a third superceding indictment containing twenty-four counts was issued against defendant. Ultimately, defendant pleaded guilty pursuant to a Rule 11 agreement to counts two and eleven, for mail fraud in violation of 18 U.S.C. § 1341.

The remaining counts of the indictment were dismissed.

Under the original plea agreement, defendant stipulated that the loss involved exceeded $350,000, that the offense involved multiple victims and more than minimal planning, that he should receive a three level enhancement under U.S.S.G. § 2J1.7 for committing an offense while on release, and that he should receive a two level increase for an aggravating role. He reserved the right to request a reduction for acceptance of responsibility and to contest an increase for obstruction of justice. The parties agreed to a criminal history category of IV. The maximum sentence under the agreement was eighty-eight months. (J.A. 135.)

Defendant then filed pro se motions to withdraw his plea and replace his appointed attorney. (J.A. 166, 168.) Replacement counsel was appointed but defendant ultimately decided to continue with the guilty plea. The parties then negotiated modifications to the plea agreement. The supplemental agreement provided that defendant would raise only the following issues at sentencing: acceptance of responsibility and obstruction of justice guideline reductions, whether the "offense on release" provision applied to defendant, whether the amount of a particular bank loan qualified as a "loss" under the guidelines, and whether he should receive any sentencing points for an "operating while impaired" conviction that the probation officer included in the calculation of his criminal history category. The plea agreement provision provided that, "defendant agrees not to raise any issue on direct appeal or collateral attack other than those identified in paragraph 4." (J.A. 174.)

### II.

This court reviews a district court's interpretation and application of the Sen-

418

tencing Guidelines de novo. *United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996). This court reviews a district court's factual determination as to whether a guideline applies in a particular case under a clearly erroneous standard. *Id.*

A.

 Defendant first claims that the district court erred in not awarding a two point sentencing level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 when defendant pleaded guilty on the morning of trial and admitted his involvement in the alleged crimes. Defendant is not entitled to a departure for acceptance of responsibility simply because he pleaded guilty. A defendant seeking this departure must demonstrate why it is appropriate in his particular case. *United States v. Wolfe,* 71 F.3d 611, 616 (6th Cir. 1995). "Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question ... enjoys the protection of the 'clearly erroneous' standard." *United States v. Wilson,* 878 F.2d 921, 923 (6th Cir.1989). Application note 5 to U.S.S.G. § 3E1.1 states that, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Whether defendant sufficiently demonstrated acceptance of responsibility for his offenses is an inherently factual question best determined by the district court. The district court did not commit clear error in declining to grant a two point reduction for acceptance of responsibility.

B.

 Defendant next alleges that the district court erred in applying a two point

sentencing enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The district court applied the obstruction of justice enhancement as a result of defendant's failure to comply with an order revoking defendant's bond. United States District Judge Robert DeMascio issued the order on September 14, 1998 based on information that defendant had committed new offenses while on bond. Defendant admits that his pretrial services officer informed him over the phone on either September 14 or 15 that he was required to turn himself in the following day. (J.A. 271, 277.) Defendant's trial was scheduled to begin on September 28, 1998. On September 25, defendant's counsel requested an adjournment because he had not had any contact with defendant and could not prepare the defense without him. Mercer ultimately surrendered to the court on September 28.

Defendant concedes that he knew that he was obliged to turn himself. His failure to do so resulted in the delay of his scheduled trial. This circuit has held on previous occasions that jumping bond and failing to report to a probation officer may be grounds for an obstruction of justice enhancement. *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990). This circuit has stated that, "[b]ecause [defendant] defied a judicial order, his flight constituted obstruction of justice within the meaning of the guidelines." *United States v. Oleson,* 44 F.3d 381, 386 (6th Cir.1995). The district court was not clearly erroneous in concluding that defendant obstructed the administration of justice.

C.

Defendant next claims that the district court erred in calculating the amount of loss resulting from his criminal activity for purposes of a sentencing enhancement un-

der U.S.S.G. § 2F1.1. Under § 2F1.1, there is a nine point enhancement if the total loss exceeds $350,000, but only an eight point increase if the total loss is between $200,000 and $350,000. The government contends that $295,532 was paid out on various disability claims and that there was $59,125 of attempted fraud for unsuccessful vehicle theft claims. The district court determined the total loss to be $354,657 and imposed a nine point increase. Defendant raises three challenges to the district court's calculation.

■ First, defendant claims that the district court should not have included the $59,000 vehicle claim. Defendant argues that application note 7 to U.S.S.G. § 2F1.1 provides that the total loss shall be the cumulative loss produced by a common scheme or course of conduct. Defendant claims that the vehicle theft claims were not part of a common scheme with the disability fraud.

As the government points out, however, defendant waived this argument. Defendant's supplemental plea agreement listed each of the five issues that defendant reserved the right to raise. That list did not include an objection to the inclusion of the vehicle theft claim. In accordance with the plea agreement, defendant did not object to the inclusion of the vehicle theft claims at sentencing and should not be allowed to raise this issue for the first time before this court. In addition, although the nature of the alleged loss was auto theft as opposed to an automobile accident, the victims were the same, the claimants were the same and the facts used to support the claims were similar. Thus, even on the merits of this claim, the district court was not clearly erroneous in calculating the total loss applicable under U.S.S.G. § 2F1.1.

■ Defendant also contends that the district court erred when it failed to apply

U.S.S.G. § 2X1.1. For loss calculations under § 2F1.1, § 2X1.1 imposes a three level decrease on an attempt, as opposed to a fully completed crime. Defendant has waived his right to raise this issue, under the explicit terms of the plea agreement. (J.A. 174.) In addition, defendant's claim fails on the merits. Section 2X1.1 provides for a three level decrease for an attempt, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense." U.S.S.G. § 2X1.1(b)(1). In the present case, defendant completed and filed his fraudulent claims but they were rejected based on suspected fraud. Thus, the district court did not err in including the amounts fraudulently claimed even if defendant did not successfully receive those amounts.

Defendant's final challenge to the loss calculation is that the district court included claims for medical treatment in addition to disability losses. Again, defendant did not reserve this issue in his supplemental plea agreement and has therefore waived it under the express terms of that agreement. (J.A. 174.) Defendant never filed a written objection outlining his claim that he should receive an offset against some of his many false disability claims and the government was never given an opportunity to respond. In particular, defendant has never offered any specifics as to what dollar amounts should be excluded. Even if the defendant had not waived this claim, the district court was not clearly erroneous in rejecting the argument. In any event, defendant's decision to falsify each of his claims prevented the insurance company from settling valid claims and deprived defendant of the opportunity to receive any offset. *United States v. Sloman,* 909 F.2d 176, 182 (6th Cir.1990).

### D.

Defendant's fourth claim is that count two of the indictment, to which he pleaded

guilty. should be dismissed due to the expiration of the applicable statute of limitations. Defendant did not reserve the issue in his supplemental plea agreement and raises it for the first time on appeal.

Title 18, U.S.C. § 3282 provides for a five year statute of limitations for mail fraud. Mercer was originally indicted on January 22, 1998 for, *inter alia,* a February 9, 1993 instance of mail fraud. That indictment was dismissed, however, and on June 9, 1998 a subsequent indictment was filed, again alleging the February 9, 1993 mail fraud. Although 18 U.S.C. § 3288 provides that reindictment within six months of dismissal will effectively toll the statute of limitations, defendant argues that his dismissal for improper grand jury selection violated his equal protection rights under the Fifth Amendment. Defendant claims that constitutional violations prevent the application of the 18 U.S.C. § 3282 tolling provision.

■■■ Defendant has waived this claim. This issue was not reserved in his supplemental plea agreement, and thus it falls within his explicit waiver. (J.A. 174.) This claim is based solely on events that preceded the plea and there is no reason to excuse defendant from his knowing waiver. Defendant contends that the waiver should not apply because the statute of limitations is "an absolute bar to prosecution." (Def.Br.24.) A statute of limitations defense can be waived, however, *United States v. Crossley,* 224 F.3d 847 (6th Cir.2000), and was waived here. In particular, we cannot excuse the waiver where the issue had no impact on defendant's sentence; even if the conviction on count two were overturned, the Sixth Circuit has previously held that an offense level may be based on relevant conduct that is beyond that statute of limitations period. *United States v. Pierce,* 17 F.3d 146 (6th Cir.1994).

### E.

■■ In his fifth claim, defendant requests unspecified "relief" because "counts 2 and 11 of the indictment may have been multiplicitous." (Def.Br.27.) Defendant claims that conviction on both counts may violate the double jeopardy clause. In particular, defendant argues that the two counts "may be only one crime as it was a continuous scheme to defraud the same victim, State Farm Insurance, by the same person, Thomas Mercer, through the same mechanism, false claims relating to disability." (Def.Br.28.)

As the government points out, however, defendant has waived this issue. In addition, Fed.R.Crim.P. 12(b)(2) provides that defenses and objections based on defects in the indictment or information must be raised prior to trial. As the Sixth Circuit has explained:

> "Generally, an indictment may not charge a single criminal offense in several counts without offending the rule against 'multiplicity'" and implicating the double jeopardy clause. *United States v. Busacca,* 936 F.2d 232, 239 (6th Cir.[1991]). . . .

> Though we doubt the merit of [defendant's] multiplicity claim, we decline to reach this issue, as [defendant] failed to raise it in a timely manner. . . . As this issue was not raised prior to trial, we find that [defendant] waived this issue. See Fed.R.Crim.P. 12(b)(2).

*United States v. Hart,* 70 F.3d 854, 859–60 (6th Cir.1995). Similarly here, defendant has waived this issue by not raising it earlier.

■■ Defendant's claim is also without merit. The mailings in counts two and eleven victimized the same insurance company, but they related to separate claims that were filed five years apart and were

filed under separate names. More importantly, even if the mailings were considered part of the same crime, "courts for many years have consistently held that each mailing in furtherance of a scheme to defraud is a separate offense under 18 U.S.C. § 1341." *United States v. Stull,* 743 F.2d 439, 444 (6th Cir.1984).

### F.

Defendant next alleges that his criminal history category was incorrectly calculated. Specifically, defendant claims that he should not have received a one point enhancement under U.S.S.G. § 4A1.1(e) because his conviction on count eleven was for conduct causing a check to be mailed on March 18, 1998, which was more than two years after his December 1995 release.

Again, defendant did not reserve this issue in his supplemental plea agreement and has waived it. Defendant stipulated to each of the elements of his criminal history calculation in the original plea agreement, with the single exception of a prior conviction for operating while impaired, which is not before this court. Defendant never raised this objection at sentencing nor did he reserve the right to raise it later.

Defendant's claim is also without merit. Although there are more than two years between March 1998 and December 1995, the application note to U.S.S.G. § 4A1.1(e) states that it applies if the defendant committed "any part of the instant offense (i.e., any relevant conduct)" less than two years after release from confinement. U.S.S .G. § 4A1.1, application note 5. Counts five through eight of the indictment against defendant all involved mailings in 1995, well within the two year time period. Thus, the district court did not err in adding one point under § 4A1.1(e).

### G.

Lastly, the government cross-appeals, alleging that the district court erred in failing to impose the "offense on release" sentence enhancement under U.S.S.G. § 2J1.7. Section 2J1.7 provides for a three level enhancement for an offense committed while on release on another federal charge. Defendant pleaded guilty to count eleven for an offense which he committed less than one month after the court placed him on personal bond pending trial on the original indictment.

The PSR recommended this three level enhancement, stating that "defendant continued to participate in the scheme to defraud insurance companies while on bond as charged in count 11 of the Superseding Indictment." (J.A. 298.) Defendant argues that although he did file an insurance claim while on bond, he believed it was a legitimate claim due to an injury he had sustained.

The district court did not evaluate the merits of either party's arguments. Rather, the district judge engaged in the following exchange at sentencing regarding the § 2J1.7 three level enhancement recommended in the PSR:

THE COURT: Let me ask you this. If I removed those three points, would that substantially simplify the hearing?

MR. AMBERG: It would, Judge.

THE COURT: All right. Then I will remove them.

Mr. DEBOLD: Over the government's objection.

THE COURT: All right. So we now have an offense level of 21 and a criminal history category of IV. Where does that leave it?

By the way, Mr. Debold, so you won't think the Court is too facile, at the time of the sentencing council there was an

observation that the offense level may seem to be a little high long before this point was raised.

MR. DEBOLD: I understand that the Court looks at it in that way -

THE COURT: Just so you know that this is not just a result-oriented decision on the part of the Court.

(J.A. 262.) These statements were the full extent of the judge's ruling on the § 2J1.7 enhancement.

We conclude that the district judge did not sufficiently address the sentence enhancement under U.S.S.G. § 2J1.7. A district court cannot abstain from resolving a sentencing issue on the grounds that it would "substantially simplify the hearing." The government is entitled to have its objection reviewed on the merits by the district court.

Defendant argues that the government's cross appeal should be dismissed because the government did not obtain the approval of the Solicitor General prior to filing its notice of appeal. Defendant cites *United States v. Smith,* 910 F.2d 326 (6th Cir. 1990), in which the Sixth Circuit held that 18 U.S.C. § 3742 requires that "[w]ritten proof of the personal approval of either the Attorney General or Solicitor General be provided no later than the filing of the government's notice of appeal." *Id.* at 328. The government concedes that it did not obtain the Solicitor General's permission to proceed with the appeal until after the filing of the appeal. However, the government argues that it satisfied 18 U.S.C. § 3742(b) by obtaining the permission prior to the filing of its appeal brief. Specifically, the government explains that the language of § 3742 has been modified since the *Smith* decision. The original version, applicable in *Smith,* read as follows: "(b) Appeal by the Government— The Government, with the personal approval of the Attorney General or Solicitor

General, may file a notice of appeal in the district court for review of an otherwise final sentence." The statute was amended after *Smith,* however, and currently reads as follows:

(b) Appeal by the Government—The Government may file a notice of appeal in the district court for review of an otherwise final sentence. . . .

The Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General.

18 U.S.C. § 3742(b). Thus, the first sentence permitting the government to file an appeal is no longer qualified by the approval requirement. Approval is only needed later, before further prosecution of the appeal. *See United States v. Gonzalez,* 970 F.2d 1095 (2d Cir.1992) (distinguishing between the two versions of the statute and concluding that under the amended language, approval is not required before filing the notice of appeal). We therefore remand this issue to the district court for a determination on the merits of the applicability of a sentence enhancement under U.S.S.G. § 2J1.7.

## III.

For the foregoing reasons, we affirm the decisions of the district court on each of defendant's claims. We remand to the district court, however, for consideration of a sentence enhancement under U.S.S.G. § 2J1.7.