**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

NICHOLAS ZAMUDIO, aka Martin
Avila, Alejandro Ortiz-Avila,

    Defendant-Appellee.

No. 02-4006

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 1:00-CR-12-J)**

---

Submitted on the Briefs:

Paul M. Warner, United States Attorney, and Wayne T. Dance, Assistant United
States Attorney, Salt Lake City, Utah, filed briefs for Plaintiff-Appellant.

Edward K. Brass of Salt Lake City, Utah, filed a brief for Defendant-Appellee.

---

Before **SEYMOUR**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BRISCOE**, Circuit Judge.

---

**SEYMOUR**, Circuit Judge.

The United States brings this appeal challenging the district court's sentence of Nicholas Zamudio. The government alleges the district court erred by not subjecting Mr. Zamudio to a sixteen-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A). We reverse and remand for resentencing in accordance with this opinion.

## I

Mr. Zamudio pled guilty to a charge of illegal re-entry into the United States as a deported alien. *See* 8 U.S.C. § 1326. Under the sentencing guidelines, a defendant who illegally enters the United States who "previously was deported after a criminal conviction . . . [and] the conviction was for an aggravated felony," is subject to a sixteen-level sentencing increase to his base offense level for the illegal re-entry charge. U.S.S.G. § 2L1.2(b)(1)(A) (2000).[1]

Two years prior to the illegal re-entry charge, Mr. Zamudio had been deported from the United States after pleading guilty in Utah state court to distributing marijuana. His state plea was detailed in a signed "Plea in Abeyance" which outlined that he was required to pay a fine of $1,000 over a six month

---

[1]"The court shall use the Guideline Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). *Accord United States v. Moudy*, 132 F.3d 618, 620 n.1 (10th Cir. 1998). Mr. Zamudio was sentenced on June 13, 2001, under the 2000 edition of the Guidelines.

period. If he complied with the terms of the abeyance, his offense would be reduced to a misdemeanor. At his sentencing for the current offense, the government contended Mr. Zamudio's base offense should be increased by sixteen levels because his Utah plea in abeyance qualified as a conviction for an aggravated felony under the guideline.

The district court did not apply the enhancement. The government filed a motion to reconsider, arguing that Mr. Zamudio's plea in abeyance satisfied the definition of conviction laid out in 8 U.S.C. § 1101(a)(48)(A), thereby qualifying him for the sentencing enhancement provisions in § 2L1.2(b)(1)(A). The district court agreed, determining that the sentence it initially imposed on Mr. Zamudio was erroneous. Because the government's motion to reconsider fell outside the time frame in which the court could modify Mr. Zamudio's sentence, however, the district court declared that it lacked jurisdiction to review and correct its ruling. The government appeals.

**II**

We first address Mr. Zamudio's assertion that we lack jurisdiction over this appeal because the government failed to comply with 18 U.S.C. § 3742(b). Section 3742(b) permits the government to file a notice of appeal for a sentence it believes "was imposed as a result of an incorrect application of the sentencing

guidelines." *Id.* However, "[t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." *Id.*

Mr. Zamudio's sentence was entered on November 28, 2001, and the government timely filed its notice of appeal thirty days later, thereby establishing our jurisdiction over this case pursuant to 28 U.S.C. § 1291.[2] On January 14, 2002, the government obtained approval from the Solicitor General to further prosecute this appeal. The government filed its opening brief on April 11, 2002, and upon Mr. Zamudio's assertion that this court lacked jurisdiction to hear the government's appeal for its failure to comply with § 3742(b), the government provided a copy of the Solicitor General's approval in its reply brief. *See* Aplt. reply br., attach. A. The government contends that its late submission of proof of approval from the Solicitor General does not deprive us of our jurisdiction to hear this appeal. We agree.

Our sister circuits have examined the manner and timing by which the government must prove its compliance with § 3742(b) and have concluded that the prior approval portion of the statute is not jurisdictional in nature. *See United States v. Abbell*, 271 F.3d 1286, 1290 n.1 (11th Cir. 2001), *cert. denied* 123 S.Ct.

---

[2]"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291.

74 (2002) (§ 3742(b) not jurisdictional; government's proof of approval in response brief is sufficient); *United States v. Hendrickson*, 22 F.3d 170, 172 n.1. (7th Cir. 1994) (court not divested of jurisdiction even if government failed to secure approval to bring appeal); *United States v. Gonzalez*, 970 F.2d 1095, 1101-02 (2d Cir. 1992) (government's two month delay after filing notice of appeal in securing permission to advance appeal not jurisdictional defect); *United States v. Long*, 911 F.2d 1482, 1483-85 (11th Cir. 1990) (Attorney General's personal approval of government's appeal not jurisdictional and can be delegated to subordinates); *United States v. Smith*, 910 F.2d 326, 328 (6th Cir. 1990) (statute does not require personal approval of Attorney General be in writing or filed in Court of Appeals), *superceded by statute on other grounds as noted by United States v. Mercer*, 22 Fed. Appx. 415 (6th Cir. 2001); *United States v. Gurgiolo*, 894 F.2d 56, n.1 (3rd Cir. 1990) (approval can be granted by deputy Attorney General and case need not be dismissed where government failed to indicate approval in notice of appeal).

Section 3742(b) was designed to allow the government to appeal sentences falling below the appropriate guideline range by focusing "the appellate courts' attention on those sentences for which review is crucial to the proper functioning of the sentencing guidelines and to provide a means to correct erroneous and clearly unreasonable sentences." *Long*, 911 F.2d at 1484 (citing S.Rep. No. 225,

98th Cong. 2d Sess., at 155, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3338). Congress was persuaded that allowing the government to appeal sentences would permit "reviewing courts to correct the injustice arising from a sentence that [is] patently too lenient." S.Rep. No. 225, 98th Cong. 2d Sess., at 151, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3334). Congress enacted the statute's prior approval requirement to "assure that such appeals are not routinely filed for every sentence below the guidelines." *Id.* at 154, 1984 U.S. Code Cong. & Admin. News at 3337. *See also Gonzalez*, 970 F.2d at 1102; *Long*, 911 F.2d at 1484. While "it is undisputed that Congress intended that such permission be obtained, . . . proof of the personal approval is not of jurisdictional dimensions in the sense that a timely notice of appeal in a criminal case is jurisdictional." *Smith*, 910 F.2d 326, 328; *see also Gonzalez*, 970 F.2d at 1102 (approval policy may be fulfilled without interpreting requirement as jurisdictional); *Long*, 911 F.2d at 1484 (same).

Moreover, the statute's semantic structure indicates the government's receipt of prior approval for appeal from the Attorney General or his designates is not jurisdictionally predictive. Section 3742(b) begins by stating "[t]he government may file a notice of appeal in the district court for review of an otherwise final sentence . . . ." 18 U.S.C. § 3742(b). After listing the different grounds upon which the government may file its notice of appeal, the statute then

provides that the government must obtain approval from the appropriate official before it further prosecutes the appeal. *Id.* Hence, it is the government's filing of the notice of appeal which establishes this court's appellate jurisdiction pursuant to 28 U.S.C. § 1291, rather than the government's obtaining of approval. *See Gonzalez*, 970 F.2d at 1102 (citing 18 U.S.C. § 3742(b)).[3]

Here, the government obtained permission from the Solicitor General and produced a copy of such approval in its reply brief. Such proof satisfies § 3472(b). *See United States v. Dadi*, 235 F.3d 945, 955 (5th Cir. 2000), *cert.*

---

[3]Significantly, § 3742(b) once required the government to obtain approval prior to filing the notice of appeal. 18 U.S.C. § 3742(b) (Supp. III 1985). Thus, the statute read "[t]he Government may file a notice of appeal . . . if . . . the Attorney General or Solicitor General personally approves the filing of the notice of appeal." *Id.* In November 1990, Congress amended § 3742(b) to specify that approval be required only before further prosecution of the appeal. *See* 18 U.S.C. § 3742(b) (1988), amended by 18 U.S.C. § 3742(b) (Supp. II 1990). The amendment was described as "technical" and "minor substantive." *See Crime Control Act of 1990*, Pub.L. No. 101-647, § 3501(1), (2) (1990).

Judicial interpretation of the pre-1990 amended statute had indicated that the prior approval portion of § 3742(b) should not be read as jurisdictional. *See Long*, 911 F.2d at 1484 (decided Aug 28, 1990) (citing with approval *Gurgiolo*, 894 F.2d at n.1 (decided Jan. 12,1990)); *Smith*, 910 F.2d at 328 (decided Aug. 6, 1990). Moreover, in September 1994, the statute was further amended. The only change was the deletion of a comma following the word "government" in the first sentence of § 3742(b). Prior to this minor amendment, two other courts had held § 3742(b)'s prior approval requirement was not jurisdictional. *See Hendrickson*, 22 F.3d at 172 n.1 (decided April 20, 1994); *Gonzalez*, 970 F.2d at 1102 (decided July 24, 1992). "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it reenacts a statute without change." *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 782 n.15 (1985).

*denied* 532 U.S. 1072 (2001) (government proved approval to file appeal by attaching copy of permission to reply brief); *United States v. Petti*, 973 F.2d 1441, 1446 n.9 (9th Cir. 1992) (same). The government's appeal is properly before this court.

## III

The government maintains the district court erred when it did not increase Mr. Zamudio's base offense level by sixteen in accordance with 8 U.S.C. § 1326(b)(2)[4] and U.S.S.G. § 2L1.2(b)(1)(A).[5] Specifically, the government contends the district court should have found that Mr. Zamudio's plea in abeyance constituted a conviction as defined by 8 U.S.C. § 1101(a)(48)(A), thereby triggering the enhancement provisions of § 1326(b)(2) and the sentencing guidelines. On appeal, "[w]e review *de novo* the district court's interpretation of a criminal statute." *United States v. Valenzuela-Escalante*, 130 F.3d 944, 945 (10th Cir. 1997).

---

[4] 8 U.S.C. § 1326(b)(2) details the criminal penalties for deported aliens who illegally re-enter the United States. Specifically, any alien "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such title, imprisoned not more than 10 years, or both." 8 U.S.C. § 1326(b)(2).

[5] The guidelines indicate that where a defendant previously was "deported after a criminal conviction" and the "conviction was for an aggravated felony," his sentence for illegal re-entry should be increased by sixteen levels. U.S.S.G. § 2L1.2(b)(1)(A).

When interpreting a statute, we begin by examining its plain language. "If the statutory language is clear, our analysis ordinarily ends." *United States v. Jackson*, 248 F.3d 1028, 1030 (10th Cir.), *cert. denied* 122 S.Ct. 291 (2001). The courts have "consistently held that whether a particular disposition counts as a 'conviction' in the context of a federal statute is a matter of federal determination." *United States v. Cuevas*, 75 F.3d 778, 780 (1st Cir. 1996). *See also Wilson v. I.N.S.*, 43 F.3d 211, 214-15 (5th Cir. 1995) (in absence of plain language to the contrary, federal law governs application and definitions applied in Congressional statutes); *White v. I.N.S.*, 17 F.3d 475, 479 (1st Cir. 1994) (federal law defines term "conviction" as used in immigration context).

Mr. Zamudio's plea in abeyance satisfies the definition of conviction laid out in 8 U.S.C. § 1101(a)(48)(A).

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien *has entered a plea of guilty* or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered *some form of punishment, penalty, or restraint* on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). Mr. Zamudio met the statutory requirement when he entered a guilty plea to the Utah charge of distribution of marijuana and the district court imposed a penalty in the form of a $1,000 fine. His Utah plea in abeyance thus squarely falls within § 1101(a)(48)(A)'s definition

of conviction.[6]

Mr. Zamudio's Utah conviction also fulfills the aggravated felony requirement of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A). "As used in § 1326(b)(2), the term 'aggravated felony' is defined as meaning, *inter alia*, 'illicit trafficking in a controlled substance . . . .'" *Valenzuela-Escalante*, 130 F.3d at 945-46 (quoting 8 U.S.C. § 1101(a)(43)(B)). Mr. Zamudio's Utah conviction was for distribution of marijuana, which is a controlled substance under 21 U.S.C. § 812, schedule I(c)(10). His plea in abeyance therefore fully qualifies as a conviction for an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A), and the district court erred by not subjecting his illegal re-entry sentence to a sixteen-level enhancement under the sentencing

---

[6]We reject Mr. Zamudio's contention that the government waived this argument by not raising it below. He posits the government asserted a different position to the district court in regard to his sentence and the Utah offense. We disagree. Throughout these proceedings the issue consistently has been whether Mr. Zamudio's plea in abeyance constitutes a conviction for the purposes of a sentencing enhancement. In its Memorandum in Support for its Motion to Reconsider, the government noted Mr. Zamudio's plea in abeyance satisfied 8 U.S.C. § 1101(a)(48)(A) in part because he had "pled to sufficient facts to warrant a finding of guilt of an aggravated felony." Aplt. appendix at 27. On appeal, the government argues § 1101(a)(48)(A) was satisfied because Mr. Zamudio entered a plea of guilty. Aplt. br. at 8. The government has not waived its argument that Mr. Zamudio's plea in abeyance constitutes a conviction under 8 U.S.C. § 1101(a)(48)(A) by using slightly different language on appeal than it used in the district court.

guidelines.[7]

Appellant's motion to file supplemental appendices is **GRANTED**. We

**REVERSE** the district court and remand for resentencing in accordance with this

opinion.

---

[7]We note that upon remand and resentencing, the district court is not necessarily required to apply the full sixteen-level enhancement. "Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely . . . [and in some instances] a downward departure may be warranted based on the seriousness of the aggravated felony." U.S.S.G. § 2L1.2, application note 5.