**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant,*

   v.

ALBERTO RUIZ-ALONSO, aka Alberto
Torrez-Ugaldo, aka Alberto
Torrez-Ugalde,
    *Defendant-Appellee.*

No. 03-50125

D.C. No.
CR-02-00591-TJH

OPINION

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued May 12, 2004;
Resubmitted January 31, 2005
Pasadena, California

Filed February 11, 2005

Before: James R. Browning, Pamela Ann Rymer, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

1783

**COUNSEL**

Nancy B. Spiegel, Assistant United States Attorney, Criminal Appeals Section, Los Angeles, California, for the plaintiff-appellant.

Jonathan D. Libby, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellee.

**OPINION**

GRABER, Circuit Judge:

In this illegal reentry case, the United States appeals the district court's decision at sentencing to depart downward by four levels. Defendant Alberto Ruiz-Alonso seeks to dismiss the appeal because of the government's alleged failure to demonstrate that it had "the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General" to proceed with this appeal, as required by 18 U.S.C. § 3742(b).

Joining our sister circuits, we hold that 18 U.S.C. § 3742(b) does not impose a jurisdictional requirement. *See United States v. Zamudio*, 314 F.3d 517, 519-20 (10th Cir. 2002) (citing cases). So even if the government failed to obtain permission to proceed with this appeal, we have jurisdiction. We also hold that § 3742(b) survives *United States v. Booker*, 125 S. Ct. 738 (2005). Having concluded that we have jurisdiction

over the government's appeal, we nevertheless vacate the district court's sentence and remand for resentencing in accordance with *Booker*.

## I. JURISDICTION

Title 18 U.S.C. § 3742(b) authorizes the government to file a notice of appeal for review of a sentence imposed in a criminal case. This subsection remains in effect. The Supreme Court in *Booker* severed and excised 18 U.S.C. § 3742(e) (providing for, among other things, de novo review of downward departures), but left in place the remainder of § 3742. 125 S. Ct. at 765. The Court explicitly stated that § 3742(a) and (b) continue to give defendants and the government the right to appeal:

> [T]he Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a)). *See* § 3742(a) (main ed.) (appeal by defendant); § 3742(b) (appeal by Government).

*Id.*

**[1]** But to continue with an appeal filed under § 3742(b), the government must obtain approval:

> The Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General.

The purpose of this requirement is to ensure that " 'appeals are not routinely filed for every sentence below the guidelines.' " *Zamudio*, 314 F.3d at 520 (quoting S. Rep. No. 225, 98th Cong. 2d Sess., at 154, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3337). "[C]entralized decisionmakers screen proposed

Government appeals so that the appellate courts' attention will be focused on those sentences for which review is deemed crucial to the proper functioning of the sentencing guidelines." *United States v. Gonzalez*, 970 F.2d 1095, 1102 (2d Cir. 1992) (citing 1984 U.S.C.C.A.N. at 3338).

Defendant moved to dismiss the government's appeal on the ground that the government had failed to comply with the "personal approval" requirement of § 3742(b). In response, the government submitted a sworn declaration by the Assistant United States Attorney then serving as Chief of the Los Angeles Criminal Appeals Section. The declaration provides, in relevant part:

> According to my review of our Office's records, the government sought and, on May 13, 2003, obtained personal approval from the Solicitor General to further prosecute this appeal.[1]

Defendant argues that this declaration does not constitute sufficient proof of the government's authorization to proceed with the appeal and, further, that this alleged failure to comply with the personal approval requirement defeats appellate jurisdiction.

[2] We reject both arguments. We agree with the reasoning of the six circuits that have held that the personal approval requirement is not jurisdictional in nature.[2] *See Zamudio*, 314

---

[1] The government filed its notice of appeal on March 26, 2003.

[2] Our only published statement regarding the personal approval requirement came in *United States v. Petti*, 973 F.2d 1441, 1446 n.9 (9th Cir. 1992), in which we found that the government had submitted, with its reply brief, adequate proof of the Solicitor General's authorization. We noted that, even if we were to require proof of compliance to be submitted *earlier* than the reply brief, as does the Sixth Circuit, *United States v. Smith*, 910 F.2d 326, 328 (6th Cir. 1990) (per curiam), a *late* submission of proof would not defeat jurisdiction under the Sixth Circuit's rule. *Petti*,

F.3d at 519-20 (10th Cir. 2002); *United States v. Abbell*, 271 F.3d 1286, 1290 n.1 (11th Cir. 2001) (per curiam); *United States v. Hendrickson*, 22 F.3d 170, 172 n.1 (7th Cir. 1994); *Gonzalez*, 970 F.2d at 1101-02 (2d Cir. 1992); *United States v. Smith*, 910 F.2d 326, 328 (6th Cir. 1990) (per curiam); *United States v. Gurgiolo*, 894 F.2d 56, 57 n.1 (3d Cir. 1990).[3]

**[3]** The statute requires only that the government obtain approval; it does not demand that the approval be in writing or that it be filed as part of the appellate record. *United States v. Hall*, 943 F.2d 39, 41 (11th Cir. 1991) (per curiam); *Smith*, 910 F.2d at 328. That is, the statute does not expressly enlist the courts as gatekeepers. Indeed, the statute permits the government to file a notice of appeal *before* obtaining approval to "further prosecute" the appeal; and it is the filing of the notice of appeal that establishes this court's appellate jurisdiction under 28 U.S.C. § 1291.[4] *Zamudio*, 314 F.3d at 520; *Gonzalez*, 970 F.2d at 1102.

---

973 F.2d at 1446 n.9 (citing *United States v. Rutana*, 932 F.2d 1155, 1158 n.5 (6th Cir. 1991)). Thus, although *Petti* establishes that the government's submission of proof in this case was timely (it was filed well before the reply brief), we have not discussed the jurisdictional consequences, if any, of a failure to provide sufficient proof.

[3]To our knowledge, the Fifth Circuit is the only court to have expressed a different view. In *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) (per curiam), the court dismissed an appeal in which the government had "wholly" failed to respond to the defendant's contention that the government had not obtained approval under § 3742(b). The court's decision appeared to be based in large part on the principle that issues not briefed on appeal are waived. *See id.*; *but cf. United States v. Dadi*, 235 F.3d 945, 955 (5th Cir. 2000) (declining to dismiss an appeal, under *Thibodeaux*, where the government had "cure[d] this defect" by attaching the requisite approval to its reply brief).

[4]Before a 1990 amendment, § 3742(b) could have been read to require the government to obtain approval before filing a notice of appeal. 18 U.S.C. § 3742(b) (1990) ("The Government, with the personal approval of the Attorney General or the Solicitor General, may file a notice of appeal . . . ."). Yet even under that prior version of the statute, the approval requirement had been interpreted as a nonjurisdictional formality. *Gurgiolo*, 894 F.2d at 57 n.1 (likening the failure to "indicate this approval" in the text of the notice of appeal to an error in the caption of the pleadings on appeal, which would not warrant dismissal); *Smith*, 910 F.2d at 328 (citing *Gurgiolo* with approval).

In this way, the approval requirement is unlike the requirement that petitioners for habeas corpus relief obtain a Certificate of Appealability ("COA") from a judge before appealing the denial of a petition, a procedure to which Defendant draws our attention. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ."). In the habeas context, courts are charged explicitly with determining whether a petitioner has made "a substantial showing of the denial of a constitutional right"; if the petitioner has not, "an appeal *may not be taken*" at all. *Id.* § 2253(c) (emphasis added). By contrast, 18 U.S.C. § 3742(b) permits the government to file a notice of appeal (the operative jurisdictional document, like the COA in the habeas context) without obtaining any approval, much less approval from the court. Therefore, Defendant's analogy to the COA requirement does not avail him.

Defendant next argues that we must interpret the personal approval requirement as jurisdictional because it "embodies a strong policy concerning the proper administration of judicial business." *Glidden Co. v. Zdanok*, 370 U.S. 530, 535-36 (1962) (plurality) (citing *Am. Constr. Co. v. Jacksonville, T.&K.W. Ry. Co.*, 148 U.S. 372, 387-88 (1893)); *see also Roell v. Withrow*, 538 U.S. 580, 598-99 (2003) (Thomas, J., dissenting) (quoting *Glidden*). In the cases cited by Defendant, the defects alleged were that a judge lacked authority to sit on an appeal of an order that he entered when presiding over the trial, *Am. Constr. Co.*, 148 U.S. at 387-88; that decisions were rendered by non-Article III judges, in violation of the Constitution, *Glidden*, 370 U.S. at 531-32; and that a magistrate judge lacked authority to enter an order without the consent of the parties, *Roell*, 538 U.S. at 599. As the Court said in *Glidden*, "[t]he alleged defect of authority here relates to basic constitutional protections designed in part for the benefit of litigants." 370 U.S. at 536. By contrast, in the present case Congress' interest does not relate to basic constitutional protections. Instead, Congress' interest is in focusing

the government's attention on the most important sentencing issues, preventing the government from taking inconsistent positions, and limiting the possible proliferation of appeals. These interests, although important, are far less central to the functioning of the judicial system than is the basic competency of judges to sit as neutral and legitimate adjudicators.

Better guidance may be found in the Court's recent decision in *Scarborough v. Principi*, 124 S. Ct. 1856, 1865 (2004), in which the Court cautioned against labeling as "jurisdictional" claims-processing requirements, such as time prescriptions, that govern a proceeding that already has been brought within a court's jurisdiction by a valid notice of appeal.[5] *See also Gurgiolo*, 894 F.2d at 57 n.1 (likening a failure of personal approval to an error in the caption of the pleadings on appeal). True jurisdictional rules relate to " 'the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.' " *Scarborough*, 124 S. Ct. at 1865 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); *cf. United States v. Hayes*, 939 F.2d 509, 512 (7th Cir. 1991) ("Our jurisdiction to review sentencing decisions is limited to those *grounds* specified in 18 U.S.C.A. § 3742(a), (b)[ ]." (emphasis added)).

Of course, the fact that the personal approval requirement is not jurisdictional does not necessarily make it judicially unenforceable. In *Smith*, the Sixth Circuit exercised its supervisory authority to impose, prospectively, a requirement that written proof of personal approval be provided with the government's appellate brief. 910 F.2d at 328. To date, no other

---

[5]The personal approval requirement is, in other ways, unlike the claims-processing rule at issue in *Scarborough*. Although both have the effect of reducing irresponsible litigation by forcing a litigant to "think twice" before appealing, *see Scarborough*, 124 S. Ct. at 1867, the statute in *Scarborough* explicitly requires particular content in a litigant's application for fees under the Equal Access to Justice Act. As we have noted, 18 U.S.C. § 3742(b) does not require the government's "personal approval" to be demonstrated in any document filed with the court.

circuit has imposed an affirmative requirement that the government demonstrate proof of approval. We decline to do so. In essence, § 3742 sets forth the unremarkable requirement that lawyers have the permission of their clients before prosecuting an appeal. We do not routinely require private lawyers to offer proof of such permission before proceeding with an appeal, and we will not routinely require such proof of the government.

**[4]** In sum, we hold that the government's timely and properly filed notice of appeal gives us jurisdiction and that our jurisdiction is not defeated by the government's failure to obtain approval pursuant to 18 U.S.C. § 3742(b). Furthermore, we shall impose no affirmative requirement that the government demonstrate approval. Where the issue is not raised, we will presume that the government has complied with the statute. Here, in response to Defendant's challenge, we will accept the government's sworn representation that it has complied with the statute. *See Abbell*, 271 F.3d at 1290 n.1 (noting that the "government stated in its response to the motion to dismiss that approval was obtained"). We need not and do not decide whether or how we would exercise our supervisory powers in a case in which there is evidence that the government did not receive the requisite authorization.

We turn now to the government's appeal.

## II.   DOWNWARD DEPARTURE

Defendant pleaded guilty to being found illegally in the United States following two prior deportations and convictions for aggravated felonies, in violation of 8 U.S.C. § 1326. The district court sentenced Defendant under the then-mandatory United States Sentencing Guidelines, calculating a Guidelines offense level of 21 and departing downward by four levels because of "the combination of factors . . . suggested by the defense . . . and, particularly, because of cultural

assimilation." As a result, Defendant was sentenced to 46 months.

**[5]** The government appealed the downward departure. After the government's appeal was argued and submitted, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738. Because we cannot say that the district judge would have imposed the same sentence in the absence of mandatory Guidelines and de novo review of downward departures, we VACATE the sentence and REMAND for resentencing in a manner consistent with *Booker*.

SENTENCE VACATED; REMANDED.