**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Herlinda Rojas COBIAN, Defendant–Appellant.**

No. 04–30412.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2005.*

Decided Aug. 10, 2005.

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Aaron F. Dalan, Talbott, Simpson, Gibson & Davis, P.S., Yakima, WA, for Defendant–Appellant.

Before THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Herlinda Rojas Cobian appeals her conviction for drug-related charges under 21 U.S.C. §§ 841(a)(1), 846 and her 151-month sentence under the United States Sentencing Guidelines. Cobian appeals the district court's decisions not to suppress evidence seized pursuant to a warrant and not to suppress her confession taken in violation of the Vienna Convention. Cobian also challenges the district court's denial of her requests for downward adjustments under the mandatory Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291. We affirm Cobian's conviction, and vacate her sentence and remand for resentencing consistent with *United States v. Booker.*[1]

■ The totality of the circumstances set forth in the affidavit in support of the search warrant indicates that a "fair probability or substantial chance of criminal activity" at 506 E. South Street existed.[2] The police obtained information from two reliable confidential informants and corroborated this information by conducting controlled buys and by independently observing and investigating. Thus, probable cause supported the warrant. Accordingly, we affirm the district court's conclusion not to suppress evidence that police seized under the warrant.

■ We have clearly stated that even "assuming that some judicial remedies are available for the violation of Article 36 [of the Vienna Convention], the exclusion in a criminal prosecution of evidence obtained as a result of post-arrest interrogation is not among them."[3] No intervening authority has clearly undercut this conclusion from our prior cases in such a way that they are irreconcilable.[4] Therefore, we affirm the district court's decision not to suppress Cobian's statements. Accordingly, we affirm Cobian's conviction.

■ Cobian raised a challenge to the Sentencing Guidelines in the trial court. Because we cannot tell whether the district court would have imposed a different sentence "in the absence of mandatory Guidelines and de novo review of downward departures," we vacate Cobian's sentence and remand for resentencing consistent with *Booker.*[5]

Conviction AFFIRMED; Sentence VACATED AND REMANDED.

1. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir.2001); *see also Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (reaffirming the totality of the circumstances approach when making probable cause determinations).

3. *United States v. Lombera–Camorlinga*, 206 F.3d 882, 885 (9th Cir.2000) (en banc); *see United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1130 (9th Cir.2005).

4. *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1245 (9th Cir.2005).

5. *United States v. Ruiz–Alonso*, 397 F.3d 815, 820 (9th Cir.2005) (vacating a sentence and remanding where the district court granted a downward departure under the mandatory Guidelines regime); *see also United States v. Davis*, 410 F.3d 1122, 1128 (9th Cir.2005) (vacating a sentence and remanding where the district court declined to grant a downward departure under the mandatory Guidelines regime).