## UNITED STATES of America, Plaintiff—Appellant,

v.

## Anthony Craig ATKINSON, Jr., Defendant—Appellee.

Nos. 05–50027, 05–50392.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2006.[*]

Filed May 11, 2006.

Becky S. Walker, Esq., Andrea L. Russi, Esq., April Anita Christine, Esq., USLA—

---

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Jonathan D. Libby, Esq., FPDCA— Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant Anthony Craig Atkinson, Jr., entered into a plea agreement with the government relating to two separate armed bank robberies that Defendant committed between April and July 2004. The district court refused to accept Defendant's guilty plea with regard to one of the robberies and dismissed the information charging him with that crime. The court accepted Defendant's guilty plea for the second robbery but imposed a sentence far below the applicable range under the United States Sentencing Guidelines. We review de novo the district court's dismissal of the information on due process grounds. *United States v. Barrera–Moreno*, 951 F.2d 1089, 1091 (9th Cir.1991). We review the district court's sentencing decision for "reasonableness." *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We reverse and remand.

1. In relation to the first bank robbery, the district court dismissed on due process grounds an information filed by the government charging Defendant with armed robbery of the Wells Fargo Bank in Rancho Cucamonga, California, in violation of 18 U.S.C. § 2113(a), (d). The court dismissed the information despite the fact that Defendant entered into a plea agreement with the government agreeing to plead guilty to the charge.

The record does not suggest, and Defendant does not argue, that the government engaged in any misconduct of any kind. Defendant was represented by counsel at the time he entered into the plea agreement. The written agreement fully informed Defendant of the charges to which he was pleading guilty. The district court's assertion that Defendant's guilty plea violates due process is wholly unsubstantiated. Therefore, the court erred in dismissing the information.

2. The government's assertion in briefing that it obtained approval from the Solicitor General to prosecute this appeal of Defendant's sentence is sufficient to meet the requirement of 18 U.S.C. § 3742(b). *United States v. Ruiz–Alonso*, 397 F.3d 815, 817–18 (9th Cir.2005). Thus, we are authorized to rule on the government's sentencing appeal. *Id.*

3. In relation to the second bank robbery, Defendant pleaded guilty to charges of conspiracy to commit bank robbery and armed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a), (d), respectively. The applicable sentencing range under the now-advisory Sentencing Guidelines was between 77 and 96 months.[1] The district court sentenced Defendant to 290 days' imprisonment. The record contains no indication that the district court con-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The Government recommended a three-level reduction in the advisory Guidelines range for substantial assistance to authorities, pursuant to U.S.S.G. § 5K1.1. This reduction would have resulted in an advisory Guidelines range of 57 to 71 months.

sulted the Guidelines in reaching its sentencing decision and no indication that the court individually analyzed the required factors under 18 U.S.C. § 3553(a). The court's disregard for the post-*Booker* sentencing procedures established by this court, *United States v. Ameline*, 409 F.3d 1073, 1077 (9th Cir.2005) (en banc); *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir.2005), require us to remand the case for a new sentencing proceeding. In these circumstances, we cannot determine whether the sentence is reasonable.

REVERSED in No. 05–50027 and REMANDED with instructions to reinstate the information. REVERSED in No. 05–50392 and REMANDED for resentencing.