**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID L. JACKSON,

Defendant-Appellant.

No. 99-1475

---

**Appeal from United States District Court**
**for the District of Colorado**
**(D.C. No. 98-CR-10-B)**

---

David C. Japha, Zapiler, Ferris & Rhodes, L.L.C., of Denver, Colorado, for the appellant.

John M. Hutchins, Assistant U.S. Attorney (Thomas L. Strickland, U.S. Attorney, and James Allison, Assistant U.S. Attorney, with him on the brief), of Denver, Colorado, for the appellee.

---

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

**BRISCOE**, Circuit Judge

---

David L. Jackson appeals his convictions on seven counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(5). He does not appeal his conviction for use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). [1] We affirm the district court's conclusion that 18 U.S.C. § 1201(a)(5) is a general intent crime.

I.

On December 24, 1997, Jackson took seven postal employees hostage. The hostages sustained injuries and endured ten hours of fear and intimidation. Ultimately, negotiators convinced Jackson to release the hostages and surrender. A grand jury indicted Jackson on seven counts of kidnapping and one count of carrying a firearm in relation to a crime of violence. Prior to trial, a psychiatrist evaluated Jackson to determine whether Jackson was competent to stand trial, whether there was a psychiatric basis for asserting an insanity defense, and whether Jackson suffered from diminished capacity at the time of the offense. Jackson raised an insanity defense at trial. Jackson also tried to present evidence of diminished capacity. The district court ruled evidence of diminished capacity was inadmissible because kidnapping was a general intent offense, and

---

[1] This court has jurisdiction to review this appeal pursuant to 28 U.S.C. § 1291. The district court directed the clerk to file a notice of appeal on behalf of the defendant and that notice of appeal was timely filed. See Order dated October 22, 1999, and Fed. R. App. P. 4(b).

diminished capacity is only a defense to specific intent crimes. See United States v. Jackson, 8 F. Supp. 2d 1239, 1243 (D. Colo. 1998). A jury found Jackson guilty of all eight offenses. The district court sentenced Jackson to concurrent terms of 327 months for each kidnapping count, and to a consecutive term of 120 months on the firearm count.

## II.

The sole issue presented is whether 18 U.S.C. § 1201(a)(5) is a general or a specific intent crime. The district court determined that "[b]ecause the government need not prove that Jackson acted with the purpose of violating the law, kidnapping in violation of § 1201(a)(5) is a general intent crime," citing United States v. Blair, 54 F.3d 639, 641-42 (10th Cir. 1995) (holding that a general intent crime requires only that defendant intend to do the act that the law proscribes). See Jackson, 8 F. Supp. 2d at 1243. We review de novo the district court's statutory interpretation. United States v. Alahmad, 211 F.3d 538, 541 (10th Cir. 2000).

We begin interpretation of a statute by first examining its plain language. United States v. Morgan, 922 F.2d 1495, 1496 (10th Cir. 1991). If the statutory language is clear, our analysis ordinarily ends. Id. See also Edwards v. Valdez, 789 F.2d 1477, 1481 (10th Cir. 1986) ("It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a

3

statute controls."). Determining the mens rea required for commission of a federal crime requires construction of the statute and inference of the intent of Congress. <u>Staples v. United States</u>, 511 U.S. 600, 604 (1994). The federal kidnapping statute provides:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when –
> > (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began;
> > (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;
> > (3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;
> > (4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or
> > (5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties;
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201. Jackson was convicted under subsection (a)(5).

We have explained the distinction between general and specific intent as follows:

4

> A specific intent crime is one in which an act was committed voluntarily and purposely with the specific intent to do something the law forbids. In contrast, a general intent crime is one in which an act was done voluntarily and intentionally, and not because of mistake or accident. In short, a specific intent crime is one in which the defendant acts not only with knowledge of what he is doing, but does so with the objective of completing some unlawful act.

Blair, 54 F.3d at 642 (internal citations and quotations omitted). The language of § 1201(a)(5) does not indicate the mens rea required.

Criminal statutes are usually read to require only that a defendant know the facts that make his conduct illegal, which is the same as general intent. See Staples, 511 U.S. at 605; see also United States v. DeAndino, 958 F.2d 146, 148 (6th Cir. 1992) (holding general intent is presumed if criminal statute does not specify specific intent). There is no language in § 1201(a)(5) to require that a defendant know that the conduct in which he engaged was illegal, which would require proof of specific intent. Based on a "plain language" analysis, the district court was correct in concluding the kidnapping statute requires only general intent.

Jackson argues that the phrase "and holds for ransom or reward or otherwise" in the statute requires specific intent. He relies on this court's decision in United States v. Toledo, 985 F.2d 1462 (10th Cir. 1993). In Toledo, we held that defendant raised a valid defense to a kidnapping charge under § 1201 when he asserted that the kidnapping victim consented to being transported

5

before any state lines were crossed. Id. at 1467. We did not address whether general or specific intent was required, nor did we analyze the "and holds for ransom or reward or otherwise" language. Further, "[m]any courts have construed the language of § 1201(a) to mean that although the holding must be 'for ransom or reward or otherwise,' the kidnapper's purpose is not an element of the offense." Diane M. Allen, Annotation, Requirement, Under Federal Kidnapping Act (18 U.S.C.A. § 1201(A)), That Person Be Held "For Ransom or Reward or Otherwise," 71 A.L.R. Fed. 687 (1985).

Jackson argues that the district court incorrectly relied on United States v. Sneezer, 983 F.2d 920 (9th Cir. 1992), in deciding that kidnapping is a general intent crime. He argues the court should have relied on Chatwin v. United States, 326 U.S. 455 (1946). In Chatwin, the Court stated that the "act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with a willful intent to confine the victim." Id. at 460. That language is consistent with the conclusion in Sneezer that § 1201(a)(2) is a general intent crime. See Sneezer, 983 F.2d at 922 (holding while specific intent is required for § 1201(a)(1), it is not required for § 1201(a)(2) because "willfully" is only

6

present in (a)(1)). [2] A "willful intent to confine the victim" means that the perpetrator intended to do the things he did, which were proscribed by law. It does not mean that he acted to confine his victim or victims knowing such confinement was against the law.

Jackson also cites United States v. Blocker, 32 M.J. 281 (C.M.A. 1991). Our reading of Blocker, however, would lead to the same conclusion as was reached in Chatwin. In Blocker, the court held that the defendant must intend to hold the victim against her will, not that he must know that such action was illegal. Id. at 283-84. Neither Chatwin nor Blocker suggests that a conviction for violation of § 1201(a)(5) requires proof of specific intent. Jackson also argues that United States v. Leeper, 413 F.2d 123 (8th Cir. 1969), holds that § 1201 requires specific intent. However, Leeper does not address whether § 1201(a)(5) requires specific or general intent.

The fact that § 1201(a)(1) contains the word "willfully" suggests that Congress was aware of its option to create specific intent crimes and elected not to make (a)(5) a specific intent crime. To read specific intent into § 1201(a)(5) would render the word "willfully" in (a)(1) as mere surplusage. In United States v. Gonyea, 140 F.3d 649, 653-54 (6th Cir. 1998), the court found that 18 U.S.C.

_____

[2] Of course, the word "willfully" does not always require specific intent. See United States v. Phillips, 19 F.3d 1565, 1576-78 (11th Cir. 1994); United States v. Johnson, 14 F.3d 766, 768 (2d Cir. 1994).

7

§ 2113(a)(2) required specific intent ("The second paragraph of § 2113(a) . . . explicitly requires the government to prove that the defendant harbored a specific intent. By contrast, the first paragraph is silent insofar as requiring that a defendant act with any intent at all."). Similarly, we hold that although § 1201(a)(1) may require specific intent because of inclusion of the word "willfully," (a)(5) clearly does not require specific intent because it does not contain such language.

The district court's conclusion that 18 U.S.C. § 1201(a)(5) is a general intent crime is AFFIRMED.