F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DAVID L. JACKSON,

     Defendant-Appellant.

No. 05-1026
(District of Colorado)
(D.C. No. 02-B-1907)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

David L. Jackson, an inmate appearing *pro se*, seeks to appeal from the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. The matter is before this court on Jackson's request for a

certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing

that no appeal may be taken from a "final order in a proceeding under section

2255" unless the movant first obtains a COA). Because Jackson waived his right

to appellate review by failing to file timely objections to the magistrate judge's

report and recommendation, 28 U.S.C. § 636(b)(1), this court **denies** his request

for a COA and **dismisses** this appeal.

Following a jury trial, Jackson was convicted of seven counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(5), and one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). This court affirmed Jackson's convictions on direct appeal. *United States v. Jackson*, 248 F.3d 1028, 1029, 1032 (10th Cir. 2001). Jackson then filed the instant § 2255 motion, asserting that his trial and appellate counsel were constitutionally ineffective. The matter was referred to a magistrate judge for initial proceeding pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The magistrate judge concluded that an evidentiary hearing was necessary to resolve Jackson's § 2255 motion and, therefore, appointed counsel to represent Jackson. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

After conducting an evidentiary hearing, the magistrate judge entered an extensive and well-reasoned report, which recommended that the district court deny Jackson's motion. The magistrate judge concluded Jackson's account of the events surrounding his plea negotiations and the presentation of his defense at trial was not credible. As to the plea negotiations, the magistrate judge found: (1)

Jackson had never been offered a plea wherein he would plead guilty to the weapons charge and the government would dismiss the kidnapping charges and (2) counsel had adequately discussed the likely Guidelines sentence with Jackson should Jackson proceed to trial and be convicted. As to counsel's conduct at trial, the magistrate judge found: (1) counsel investigated all plausible lines of defense and was ready at trial to present his chosen defense; (2) counsel effectively cross-examined prosecution witnesses; (3) counsel reviewed all discovery provided by the prosecution and other documents obtained independently by the defense team; (4) counsel did not arbitrarily agree with the prosecution to limit the length of the trial; (5) counsel did pursue mental state defenses, the only viable defense theories supported by the evidence; (6) counsel's refusal to object to minor matters at trial was a strategic decision and Jackson failed to identify any prejudice flowing from the decision; and (7) it was Jackson's decision not to testify at trial. Finally, the magistrate judge concluded appellate counsel was not ineffective in failing to raise non-meritorious issues on appeal.

Despite a warning in the magistrate judge's report and recommendation that failure to file timely objections with the district court would waive appellate review of both legal and factual determinations, no objections were filed. Accordingly, the district court adopted the report and recommendation and denied Jackson's § 2255 motion. In response, Jackson personally filed a belated request

for extension of time to file objections to the report and recommendation. The district court denied the request, noting that the Tenth Circuit strictly adhered to the ten-day rule for objecting to a magistrate judge's report and recommendation and that Jackson's counsel could have filed objections or a request for an extension, but had decided not to do so.

This court has adopted a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate" judge. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, *id.*, or (2) the interests of justice require review, *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). Neither of the exceptions to the firm waiver rule apply in this case. Jackson did not proceed *pro se* in the district court, but was instead represented by appointed counsel. Nor do the interests of justice require review. The magistrate judge thoroughly analyzed Jackson's motion and, after conducting an evidentiary hearing at which it found Jackson's testimony lacking in credibility, recommended that Jackson's motion be denied. This court observes no fundamental or obvious error in the report and recommendation that would support disregarding the firm waiver rule.

Jackson's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
Deputy Clerk