**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAVIER SAENZ-GOMEZ,

Defendant-Appellant.

No. 06-2148

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-05-2760-JC)**

---

Submitted on the briefs:

Joseph W. Gandert, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

David C. Iglesias, United States Attorney; William J. Pflugrath, Assistant United States Attorney, District of New Mexico, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **BRISCOE, EBEL,** and **TYMKOVICH**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Defendant Javier Saenz-Gomez pleaded guilty to illegal reentry after removal following a conviction for an aggravated felony in violation of 8

U.S.C. § 1326(a)(1), (2), and (b)(2) and was sentenced to a thirty-month term of imprisonment.  On appeal, Saenz-Gomez argues that the district court erred in enhancing his sentence pursuant to 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(B).  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

I.

On February 13, 2001, a state grand jury returned a two-count indictment charging Saenz-Gomez with possession with intent to distribute heroin and conspiracy to distribute heroin.  Saenz-Gomez pleaded not guilty.  A jury found him guilty of both counts and the state court sentenced him to a twelve-year term of imprisonment, but suspended his sentence and placed him on probation for five years.  The court filed a written judgment and sentence on April 23, 2003.  On May 2, 2003, before defense counsel filed a notice of appeal, the Immigration and Naturalization Service ("INS") deported Saenz-Gomez to Mexico, pursuant to expedited removal proceedings based on Saenz-Gomez's conviction.  Saenz-Gomez's counsel filed a timely notice of appeal on May 20, 2003, from the 2003 state conviction.  On May 4, 2004, Saenz-Gomez was again removed from the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, ordered submitted without oral argument.

United States by immigration authorities for illegal reentry. The New Mexico Court of Appeals affirmed Saenz-Gomez's 2003 state conviction on August 9, 2005, and the New Mexico Supreme Court denied his petition for certiorari on September 27, 2005.

On September 8, 2005, Saenz-Gomez was once again found in the United States. He was indicted for illegal reentry to the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). Saenz-Gomez entered a guilty plea pursuant to the terms of a plea agreement with the government, but reserved the right to contest application of a twelve-level enhancement for reentry after removal following a conviction for an aggravated felony, leaving the enhancement issue to the discretion of the district court. Pursuant to the plea agreement, the government agreed to recommend a three-level reduction for acceptance of responsibility and to recommend a sentence at the low end of the sentencing guideline range.

The presentence report ("PSR") indicated that the base level for Saenz-Gomez's offense was eight. See U.S.S.G. § 2L1.2(a). Twelve levels were added, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), because Saenz-Gomez was previously deported "after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B). The PSR noted that the relevant conviction was Saenz-

-3-

Gomez's April 23, 2003, state felony conviction for heroin trafficking. Three levels were subtracted for acceptance of responsibility, resulting in a total offense level of seventeen. U.S.S.G. § 3E1.1.

At sentencing, Saenz-Gomez objected to the PSR's application of the twelve-level enhancement, arguing that his April 23, 2003, state conviction was not final at the time of his removal and therefore not a conviction within the meaning of 8 U.S.C. § 1326(b) or U.S.S.G. § 2L1.2, because he was deported prior to exercising his right to a direct appeal on that conviction. The district court accepted the twelve-level increase and determined that Saenz-Gomez's offense level was seventeen, with a criminal history category of III, indicating a guideline range of thirty to thirty-seven (30-37) months. The district court sentenced Saenz-Gomez to thirty months. Saenz-Gomez filed a timely notice of appeal.

II.

On appeal, Saenz-Gomez argues that the district court improperly applied the twelve-level enhancement to his sentence because his 2003 state conviction for heroin trafficking was not final at the time of his removal, and therefore is not a conviction within the meaning of 8 U.S.C. § 1326(b) or U.S.S.G. § 2L1.2(b)(1)(B). Specifically, he contends that for a conviction to serve as the basis for deportation, that conviction must be final and a conviction is not final for immigration purposes before direct

appeal has been exhausted or waived. Therefore, a judgment does not become a conviction within the meaning of 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(B) until the direct appeal process has been exhausted or waived. Because he was deported before his direct appeal process had been exhausted or waived, he has no "conviction prior to removal" to serve as the basis for the sentencing enhancement applied by the district court. The government argues that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated the finality requirement for an alien's conviction, as codified in 8 U.S.C. § 1101(a)(48)(A).

We review issues of statutory construction, including the district court's interpretation of 8 U.S.C. § 1326, de novo. Wright v. Fed. Bureau of Prisons, 451 F.3d 1231, 1233 (10th Cir. 2006); United States v. Gonzalez-Coronado, 419 F.3d 1090, 1092 (10th Cir. 2005). We review for clear error the district court's factual findings regarding sentencing and review de novo its legal interpretation of the sentencing guidelines. United States v. Aranda-Flores, 450 F.3d 1141, 1144 (10th Cir. 2006).

Saenz-Gomez pled guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). Section 1326(a) provides that "any alien who has been denied admission, excluded, deported, or removed or has departed the United States" and later "enters, attempts to enter, or is at any time found in, the United States" shall be fined and

imprisoned for no more than two years. 8 U.S.C. § 1326(a). However, Section 1326(b) provides that any alien "whose <u>removal was subsequent to a conviction</u> for commission of an aggravated felony . . . shall be . . . imprisoned not more than twenty years." 8 U.S.C. § 1326(b)(2) (emphasis added). In turn, U.S.S.G. § 2L1.2 provides for a base offense level of eight for unlawfully entering or remaining in the United States, but a defendant who "<u>previously was deported</u>, or unlawfully remained in the United States, <u>after a conviction for a felony drug trafficking offense</u> for which the sentence imposed was 13 months or less" should receive a twelve-level enhancement. U.S.S.G. § 2L1.2 (emphasis added).

This court has looked to 8 U.S.C. § 1101, a definition section within the same chapter as § 1326, to interpret the meaning of terms within 8 U.S.C. § 1326(b)(2). <u>See e.g.</u>, <u>Gonzalez-Coronado</u>, 419 F.3d at 1092-93 (looking to 8 U.S.C. § 1101(a)(43) to define the term "aggravated felony" found in § 1326(b)(2)). Similarly, this court applies the definition of "conviction" found in 8 U.S.C. § 1101 to U.S.S.G. § 2L1.2(b). <u>See e.g.</u>, <u>United States v. Zamudio</u>, 314 F.3d 517, 521-22 (10th Cir. 2002). Section 1101(a)(48)(A) states:

> The term "conviction" means, with respect to an alien, <u>a formal judgment of guilt of the alien entered by a court</u>, or if adjudication of guilt has been withheld, where –
>
> (i) a judge or jury has found the alien guilty or the alien has entered a

plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. 8 U.S.C. § 1101(a)(48)(A) (emphasis added).

To interpret a statute, we first examine the plain language. United States v. Jackson, 248 F.3d 1028, 1030 (10th Cir. 2001), cert denied 534 U.S. 929 (2001). "If the statutory language is clear, our analysis ordinarily ends." Id. The courts have "consistently held that whether a particular disposition counts as a 'conviction' in the context of a federal statute is a matter of federal determination." Zamudio, 314 F.3d at 521 (citing United States v. Cuevas, 75 F.3d 778, 780 (1st Cir. 1996)). In addition, federal law defines the term "conviction" as used in the immigration context. Id. (citing White v. I.N.S., 17 F.3d 475, 479 (1st Cir. 1994)).

The state court filed a written judgment and sentence on April 23, 2003, memorializing Saenz-Gomez's felony drug trafficking conviction. "The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A) (emphasis added). The state court's written judgment and sentence filed on April 23, 2003, falls squarely within this statutory language and therefore qualifies as a conviction under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(B). Because Saenz-Gomez was deported on May 2, 2003, nine days after a

formal judgment of guilt was entered against him by the court, he was "removed subsequent to a conviction for commission of an aggravated felony" and "after a conviction for a felony drug trafficking offense." 8 U.S.C. § 1326(b)(2); U.S.S.G. § 2L1.2(b)(1)(B).

Saenz-Gomez cites several rules of statutory construction and looks to the legislative history of the IIRIRA in arguing that Congress intended its definition of conviction to include a finality rule, requiring exhaustion or waiver of the direct appeal process prior to labeling a judgment a "conviction" for immigration purposes. However, "it is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls." Jackson, 248 F.3d at 1030 (citing Edwards v. Valdez, 789 F.2d 1477, 1481 (10th Cir. 1986)). Further, "[w]hen the meaning of the statute is clear, it is both unnecessary and improper to resort to legislative history to divine congressional intent." United States v. Hunt, 456 F.3d 1255, 1270 (10th Cir. 2006) (quoting Edwards, 789 F.2d at 1481). In fact, Saenz-Gomez admits in his brief that the definition of conviction found in 8 U.S.C. 1101(a)(48)(A) "says nothing about the finality requirement." Appellant Brief at 18.

Because the plain language of 8 U.S.C. 1101(a)(48)(A) is clear and does not lead to an irrational result, the statutory language controls and the written judgment filed against Saenz-Gomez is a conviction for purposes of

Section 1326(b) and U.S.S.G. 2L1.2.  Further, because Saenz-Gomez was removed after his conviction for a felony drug trafficking offense, the district court properly applied the twelve-level enhancement provided in U.S.S.G. § 2L1.2(b)(1)(B).

### III.

We AFFIRM the district court's sentence.