**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

CASEY BALLIEU,

　　　　Defendant-Appellant.

No. 11-8089

(D.C. Nos. 2:10-CV-00037-ABJ and
2:08-CR-00015-ABJ-1)

(D. of Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Casey Ballieu is a federal prisoner currently serving a fifteen-year sentence on child pornography charges. He seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 petition for a writ of habeas corpus. The district court dismissed Ballieu's petition, concluding that his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

representation at trial was not constitutionally deficient and that he failed to support his other claims that various constitutional rights were violated.

On appeal, Ballieu raises a new argument, claiming his trial counsel was deficient for failing to raise the issue that Ballieu was incompetent when he committed his offense and at trial. We find Ballieu fails to support his claims and DENY his request for a COA.

## I. Background

In November 2007, Ballieu, who was then employed in Colorado, inadvertently sent a text message containing an image of child pornography to his estranged wife, who resided in Wyoming. His wife contacted the police, and Ballieu was subsequently arrested and charged with the distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).[1] A jury convicted him and he was sentenced to 180 months in prison and 20 years of supervised release.

Ballieu filed an unsuccessful direct appeal with this court. *United States v. Ballieu*, 348 F. App'x 335 (10th Cir. 2009). He then filed a timely pro se § 2255 motion, arguing his counsel was ineffective because he failed to adequately cross-examine certain witnesses, failed to negotiate a plea agreement allowing Ballieu to plead *nolo contendere*, and made several other errors that cumulatively amounted to constitutionally ineffective assistance. The district court dismissed

---

[1] Ballieu also received an enhanced minimum sentence under 18 U.S.C. § 2252A(b)(1) because of a prior conviction.

Ballieu's petition, denied a COA, and denied Ballieu's motion to proceed in forma pauperis.

## II. Discussion

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Ballieu did not file a proper appellate brief, but instead asserted his claims and accompanying legal arguments in a short letter to the court, which also requested that we construe his notice of appeal as a request for a COA. Because Ballieu is a pro se litigant, we construe his pleadings and other filings liberally. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). We thus construe his notice of appeal as a request for a COA, and his letter to the court as his opening brief.

On appeal, Ballieu raises an entirely new argument, claiming that his trial counsel was ineffective because he failed to raise the issue of Ballieu's competency to stand trial or to assert an insanity or diminished capacity defense. He also claims that he is not competent to represent himself now. We construe the latter as a claim the district court erred by failing to appoint counsel to

represent him on his habeas petition. We also construe it to request that we appoint counsel to represent him.

### A. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Ballieu must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). There is a strong presumption that counsel's performance was adequate and reflected the exercise of reasonable professional judgment. *Id.* at 690. To be constitutionally deficient, counsel's conduct must be outside the "wide range of professionally competent assistance." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010). "In other words, it must [be] completely unreasonable, not merely wrong." *Id.*

Ballieu did not argue before the district court that his counsel was ineffective for failing to raise the issue of his competency or assert an insanity or diminished capacity defense. Normally we do not consider arguments not raised before the district court in the absence of unusual circumstances. *United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005). Ballieu's alleged incompetence could present such a circumstance, but we do not find any support for his assertion. Ballieu points to no evidence in the record establishing that he was or is incompetent. Our independent review of the record reveals only that his trial attorney moved for a competency hearing and that the district court granted this

-4-

request. The outcome of the hearing is not in the record before this court, but Ballieu did proceed to trial.

That his attorney requested a competency hearing is not evidence that Ballieu actually was incompetent to stand trial. It does undermine the merits of the first ineffective assistance claim he raises on appeal, that his counsel should have presented evidence he was incompetent to stand trial, by showing that Ballieu's attorney raised the issue of his client's competency before the trial court. We fail to see how this falls below an objective standard of reasonableness, or what more Ballieu's counsel should have done.

Ballieu's second ineffective assistance argument is that his counsel did not assert an insanity or diminished capacity defense. Ballieu is incorrect that diminished capacity is a defense to a charge under 18 U.S.C. § 2252A(a)(2)(A). This is a crime of general intent, as the statute criminalizes the "knowing" reception or distribution of child pornography in interstate commerce. *United States v. Blair*, 54 F.3d 639, 643 (10th Cir. 1995) (observing that Congress's use of the term "knowingly" indicates a general intent offense). But diminished capacity is a defense only to crimes of specific intent, which require not only a voluntary act but also the specific intent to do something the law forbids. *See United States v. Jackson*, 248 F.3d 1028, 1029–30 (10th Cir. 2001).

Insanity, on the other hand, can be a defense to a general intent crime. *See United States v. Allen*, 449 F.3d 1121, 1125 (10th Cir. 2006). But there is no

evidence in the record supporting the proposition that Ballieu is insane, nor does he cite any facts or make any arguments in support of this claim. We will construe Ballieu's petition liberally, but we will not make his arguments for him. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Again, the only evidence in the record that goes to whether Ballieu is or was incompetent is the fact that his attorney requested a competency hearing prior to trial. This does not demonstrate that Ballieu was incompetent or insane, let alone that his attorney was objectively unreasonable in failing to assert this defense, or that his attorney's failure to raise the defense was constitutionally prejudicial.

Ballieu's second argument thus satisfies neither prong of *Strickland*. Accordingly, we do not find that reasonable jurists could debate whether Ballieu should be encouraged to pursue his ineffective assistance claims on appeal.

### B. Failure to Appoint Appellate Counsel

Ballieu's second claim is that he is not competent to represent himself in the current proceedings. In support of his claim, he cites to *Indiana v. Edwards*, 554 U.S. 164 (2008), where the Supreme Court held that states may require representation for defendants who are competent to stand trial but not competent to represent themselves. He also asserts he had a paralegal assist him with the preparation of his § 2255 petition, that this paralegal lost his application for a

COA or somehow cheated him, and that the government supported this alleged scam to avert his collateral attack on his sentence.

Construing Ballieu's petition liberally, we interpret his claim regarding his incompetency to represent himself now as an argument that the district court erred by failing to appoint counsel to represent him on his § 2255 petition and a request that we appoint him counsel. It is unclear what he means by his assertions regarding the paralegal. Ballieu's § 2255 petition and brief below are well-written and cogent. We interpret his argument to explain that he had legal assistance when filing his pleadings below, and thus was able to competently represent himself, but cannot do so now because he has lost this assistance.[2]

Ballieu's claim that the district court erred by failing to appoint counsel is without merit. Defendants do not have a constitutional right to counsel when bringing a collateral attack on a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Neither Ballieu's § 2255 petition nor his brief in support of that petition requested the district court appoint him counsel. Nor did Ballieu raise the issue of his alleged incompetency before the district court, depriving it of any notice that the appointment of counsel might be warranted. Based on these facts, we conclude the district court did not err by failing to appoint Ballieu counsel.

---

[2] As for his assertion that his paralegal's desertion is a scam that the government somehow participated in or supports, his allegation is wholly conclusory. Again, we will not make Ballieu's arguments for him when he provides no support for his claims. *Fisher*, 38 F.3d at 1147.

As for Ballieu's request that we appoint him counsel, we decline to do so. Ballieu is not constitutionally entitled to the assistance of counsel in this appeal. He was able to submit a § 2255 petition and supporting brief to the district court, and we have been able to consider his claims on appeal.

### C. *In Forma Pauperis*

The district court denied Ballieu's two motions to proceed in forma pauperis on appeal. The court found that although Ballieu was able to demonstrate his inability to pay the required filing fees, he could not demonstrate the existence of a reasoned, nonfrivolous argument supporting the issues he intended to raise on appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Ballieu then filed a separate in forma pauperis motion with this court.

Under 28 U.S.C. § 1915(a)(3), a petitioner may not appeal in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. An appeal is taken in good faith when it presents a nonfrivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The district court denied Ballieu's in forma pauperis motions on the grounds that they were frivolous, indicating they were not taken in good faith. Nonetheless, we may consider Ballieu's new in forma pauperis motion under Federal Rule of Appellate Procedure 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Upon consideration, we deny Ballieu's in forma pauperis motion. His arguments in support of his claims are conclusory, supported neither by meaningful legal authority nor citations to any record evidence. He failed to raise before the district court any of the grounds he asserts on appeal, and addresses none of the points the district court made in dismissing his § 2255 petition. We conclude Ballieu's appeal is frivolous and DENY his motion to proceed in forma pauperis.

## III. Conclusion

For the reasons stated above, we DENY Ballieu's request for a COA and DISMISS his appeal. We also DENY his request to proceed in forma pauperis.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge