**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MIKHAIL SOLOMONOV,

     Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

     Respondent.

------------------------------

AMERICAN IMMIGRATION
LAWYERS ASSOCIATION,

     Amicus Curiae.

No. 21-9502
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Mikhail Solomonov is a Canadian citizen who became a U.S. permanent

resident in 2010.  In early 2020, an immigration judge (IJ) ordered him removed

based on a recent sexual assault conviction.  Solomonov did not appeal, but

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

eventually moved to reopen, arguing that the agency could not sustain the charge of removal against him while his direct appeal from that conviction remained pending. The IJ denied that motion and the Board of Immigration Appeals (BIA) dismissed his appeal.

Solomonov now petitions for review of the BIA's decision regarding his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.[1]

## I. BACKGROUND & PROCEDURAL HISTORY

In August 2019, a Colorado jury found Solomonov guilty of sexual contact with a person incapable of appraising the nature of their conduct, in violation of Colo. Rev. Stat. § 18-3-402(1)(b). In January 2020, the government charged him with removability as one convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *see also id.* § 1101(a)(43)(A) (defining "aggravated felony" to include "rape"). He soon appeared before an IJ *pro se*, stating that he had already

---

[1] The parties' briefs spend several pages discussing this court's jurisdiction, given that: (i) Solomonov never appealed the underlying order of removal, *see* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); and (ii) this court has very limited ability to review removal issues when the petitioner has committed certain criminal offenses, *compare id.* § 1252(a)(2)(C) *with id.* § 1252(a)(2)(D). But even if we may not reach the underlying removal order, we may review the BIA's decision on Solomonov's motion to reopen because it "is considered a final, separately appealable order," *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). Also, to the extent the criminal-offense provision (§ 1252(a)(2)(C)) continues to apply, we note that § 1252(a)(2)(D) preserves our jurisdiction over "constitutional claims or questions of law." Solomonov raises no argument outside these categories. We therefore have jurisdiction over his petition.

consulted with three immigration attorneys and did not intend to fight the case. The IJ accordingly found Solomonov removable as charged. By order dated January 22, 2020, the IJ ordered him removed to Canada. Solomonov waived his right to appeal.

On February 21, 2020, Solomonov filed a counseled motion to "reconsider and reopen." R. at 73 (capitalization normalized). Solomonov informed the IJ that, in November 2019, he had filed a timely direct appeal of his state-court conviction.[2] In that light, he argued that the IJ could not properly sustain the charge of removability because the conviction on which the charge is based is not yet deemed final for immigration purposes. The IJ denied the motion, deeming Solomonov's argument contrary to Tenth Circuit precedent about finality of convictions.

Solomonov then appealed to the BIA, asserting the same argument. In a single-member decision, the BIA acknowledged its own precedent holding that criminal convictions on direct appeal are not deemed final for immigration purposes. *See Matter of J. M. Acosta*, 27 I. & N. Dec. 420, 431–32 (BIA 2018). The BIA nonetheless held that because Solomonov's case arose from the Tenth Circuit, it was bound to follow this court's earlier, contrary interpretation, *see United States v. Saenz-Gomez*, 472 F.3d 791, 794 (10th Cir. 2007) (rejecting the argument that a conviction is non-final until the convicted person has exhausted or waived any direct appeal rights). The BIA accordingly dismissed the appeal.

Solomonov timely petitioned this court for review.

---

[2] As far as this court can discern, that appeal remains pending. No party has informed us otherwise.

## II.     STANDARD OF REVIEW

We review the agency's denial of a motion to reconsider or a motion to reopen for abuse of discretion. *Infanzon*, 386 F.3d at 1362 (motion to reopen); *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (motion to reconsider). The agency "does not abuse its discretion when its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (internal quotation marks omitted).

A single-member BIA order "constitutes the final order of removal" and "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We may still consult the IJ's decision "where the BIA incorporates by reference the IJ's rationale or repeats a condensed version of its reasons while also relying on the IJ's more complete discussion." *Id.* But here, the BIA's decision is more detailed than the IJ's, so we confine our review to the BIA's reasoning.

## III.     ANALYSIS

Congress defined "conviction," for immigration purposes, to mean "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A). In *Saenz-Gomez*, we held that a "state court's written judgment and sentence . . . falls squarely within this statutory language and therefore qualifies as a conviction." 472 F.3d at 794. We specifically rejected an argument that Congress intended its definition "to include a finality rule, requiring exhaustion or waiver of the direct

4

appeal process prior to labeling a judgment a 'conviction' for immigration purposes."
*Id.*

Solomonov offers three arguments why the BIA erred in following *Saenz-Gomez*. We find none of them persuasive.

## A.    Whether *Saenz-Gomez*'s holding is limited to its specific context.

*Saenz-Gomez* did not arise from a removal proceeding, but a criminal conviction for illegal reentry after having been removed following a conviction for an aggravated felony. *See* 472 F.3d at 792. The defendant's presentence report applied a twelve-level increase to the base offense level because the aggravated felony underlying his previous removal was a felony drug-trafficking conviction. *Id.* The defendant objected that the government had removed him before he could appeal the underlying conviction, so it was not a "conviction" under § 1101(a)(48)(A) because that section includes an implied requirement that the convicted person exhaust or waive direct appeal rights. The district court rejected that argument, and we affirmed.

Solomonov asserts that *Saenz-Gomez*'s holding extends no further than the sentencing-enhancement context, so the BIA erred in applying it to his case. But the question in *Saenz-Gomez* is the same question Solomonov presents here, *i.e.*, whether Congress intended its definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) to include an unstated requirement that the convicted person waive or exhaust any rights to a direct appeal. *See* 472 F.3d at 792–94. We held that such an interpretation would violate the canon of statutory construction that, "absent ambiguity or irrational

result, the literal language of a statute controls." *Id.* at 794 (internal quotation marks omitted). We see no principled way of saying that § 1101(a)(48)(A)'s literal language applies literally only in the sentencing context.

Accordingly, the BIA did not abuse its discretion when it rejected Solomonov's argument that *Saenz-Gomez* should be limited to the precise context from which that case arose.

### B.      Whether *Matter of J. M. Acosta* controls anyway.

Our analysis in *Saenz-Gomez* emphasized that § 1101(a)(48)(A)'s definition of "conviction" is silent about the effect of direct appeals. 472 F.3d at 794. Eleven years after *Saenz-Gomez*, the BIA decided in *Matter of J. M. Acosta* that this same silence creates an ambiguity and extra-statutory context shows Congress meant to imply the direct-appeal finality rule that Solomonov urges here. 27 I. & N. Dec. at 426–32.

Solomonov asks us to "defer to the [BIA's] reasonable construction of finality in *Matter of J.M. Acosta.*" Opening Br. at 42. But the BIA did not apply *J. M. Acosta*, so there is nothing to which we may defer. To the contrary, the BIA specifically considered whether it could apply *J. M. Acosta* despite *Saenz-Gomez*, and concluded it could not. *See* R. at 3–4.

To the extent Solomonov means to challenge *that* conclusion, we see no error. The question is whether an agency may depart from a prior judicial interpretation of a statute the agency is charged with administering. The answer is yes, unless "the prior court decision holds that its construction follows from the unambiguous terms of the

6

statute and thus leaves no room for agency discretion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005). As the BIA recognized, *Saenz-Gomez* was the latter kind of decision.

Because the BIA relied on "a correct interpretation of the law," *Maatougui*, 738 F.3d at 1239, it did not abuse its discretion when it refused to apply *J. M. Acosta* despite *Saenz-Gomez*.

### C.    Whether this panel may overrule *Saenz-Gomez*.

Solomonov believes *Saenz-Gomez* was wrongly decided and he asks this panel to overturn it. He recognizes that "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court," *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993), but he points us to case law from other circuits that follow a different approach, *see, e.g.*, *United States v. Reyes-Hernandez*, 624 F.3d 405, 412, 414 (7th Cir. 2010) (stating "we may not overturn circuit precedent without compelling reasons," and identifying "ongoing debate and [a] current circuit split [as] compelling reasons to revisit our precedent").

Solomonov really asks the panel to overrule two prior decisions, not one. We must first overrule the rule that we may not overrule prior panel decisions, and then we may overrule *Saenz-Gomez*. To state the problem is to refute it. So we reject this argument too.

## IV.    CONCLUSION

We deny the petition for review.

Entered for the Court


Jerome A. Holmes
Circuit Judge