FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 4, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EVERALD S. ALLEN, JR.,

Petitioner - Appellant,

v.

KEVIN PAYNE, Commandant, United
States Disciplinary Barracks,

Respondent - Appellee.

No. 23-3138
(D.C. No. 5:23-cv-03061-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Everald S. Allen, Jr., proceeding *pro se*,[1] appeals from the district

court's denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241.

Mr. Allen, who is confined at the United States Disciplinary Barracks at Fort

Leavenworth, Kansas, argues that the district court erred in declining to reach the merits

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Allen proceeds *pro se*, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

1

of his habeas petition after concluding that the United States Army Court of Criminal Appeals ("ACCA") had already given those claims full and fair consideration.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order denying Mr. Allen relief under 28 U.S.C. § 2241. We also deny Mr. Allen's motion to proceed in forma pauperis ("IFP") because we conclude that he advances no non-frivolous arguments in this matter.

## I.     BACKGROUND

Mr. Allen, then a Staff Sergeant in the U.S. Army, was tried for multiple offenses before a general court-martial at Fort Bragg, North Carolina in May 2013. A military panel sitting as a general court-martial convicted Mr. Allen of one specification of aggravated sexual assault, one specification of abusive sexual contact, and one specification of obstruction of justice. The panel sentenced Mr. Allen to reprimand, forfeit of all pay and allowances, a reduction in rank, confinement for twenty years, and dishonorable discharge from service. Mr. Allen was assigned to confinement at the United States Disciplinary Barracks in Fort Leavenworth, Kansas.

Mr. Allen appealed his convictions to the ACCA and submitted a brief in support thereof. Mr. Allen's brief raised three assignments of error: (1) that the panel's findings that Mr. Allen committed sexual assault were factually and legally insufficient; (2) that military commanders are prohibited from exercising unlawful command influence ("UCI") over their subordinate personnel; and (3) that Mr. Allen's twenty-year sentence was too severe. Mr. Allen subsequently submitted a

supplemental brief raising two additional assignments of error: (4) that Mr. Allen was denied a fair and impartial panel; and (5) that the military trial judge erred by denying a panel member's request for a transcript of testimony during deliberations.

In support of his first assignment of error—that the panel's findings were factually and legally insufficient—Mr. Allen argued that the victim's testimony contained "many inconsistencies and unreliable aspects" and was largely not credible because of her intoxicated state at the time of the assault. ROA Vol. III at 61–62. Mr. Allen also noted that there was "no conclusive evidence of rape" and there was "no DNA linking [Mr. Allen] to the offense of rape." *Id.* at 64. In support of his second assignment of error—that military commanders exercised UCI over his court-martial proceedings—Mr. Allen argued that military commanders and the President of the United States exercised UCI by giving orders "to fix the sexual assault problem in the military." *Id.* at 67.

Considering all assignments of error raised by Mr. Allen and arguments in support thereof, the ACCA affirmed the findings and sentence of the general court-martial. *United States v. Allen*, 2016 WL 1221908, at *1 (A. Ct. Crim. App. Mar. 28, 2016). The ACCA held that although Mr. Allen raised five assignments of error in his appeal, only "[o]ne assignment of error"—whether the military judge erred by denying a panel request to have a copy of court transcripts to review in the deliberation room—"merit[ed] discussion but no relief." *Id.* The ACCA declined to discuss the remaining assignments of error. *Id.*

3

Mr. Allen next submitted a petition for grant of review to the United States Court of Appeals for the Armed Forces ("CAAF"). Mr. Allen raised only three assignments of error: (1) that the panel's findings that Mr. Allen committed sexual assault were factually and legally insufficient; (2) that military commanders are prohibited from exercising UCI over their subordinate personnel; and (3) that the military trial judge erred by denying a panel member's request for a transcript of testimony during deliberations. The petition for grant of review repeated the arguments Mr. Allen raised in his initial appeal. With respect to the first assignment of error, Mr. Allen argued that the panel's findings were factually and legally insufficient because the testimony against him was not credible and there was no physical evidence linking him to the assault. With respect to the second assignment of error, Mr. Allen argued again that "[s]everal military commanders and the President of the United States committed Unlawful Command Influence by orders given to fix the sexual assault problem in the military" via the media. ROA Vol. IV at 70.

The CAAF summarily denied Mr. Allen's petition for grant of review. *Daily J.*, 75 M.J. 404 (C.A.A.F. Jul. 25, 2016). Mr. Allen subsequently filed a petition for reconsideration *en banc* to the CAAF, arguing only that the military trial judge erred in denying a panel member's request for a transcript of trial testimony during deliberations. The CAAF denied Mr. Allen's petition for reconsideration.

Mr. Allen, acting *pro se*, next filed a motion for reconsideration to the ACCA. In the motion, Mr. Allen argued that he was prejudiced by UCI in his court-martial

4

proceedings. The ACCA found that it "lack[ed] jurisdiction to reconsider [Mr. Allen's] case given that appellate review of [the] case has been completed," and accordingly returned the motion for reconsideration back to the Mr. Allen without action.

Several years later, Mr. Allen filed a petition for a writ of habeas corpus in district court under 28 U.S.C. § 2241. In his petition, Mr. Allen asserted three grounds for the challenge: (1) UCI, (2) factual and legal insufficiency of the panel's findings, and (3) a lack of unanimous verdict by the military panel. The district court deemed Mr. Allen's third ground—lack of unanimous verdict—to be unexhausted, and he ultimately proceeded with only the first two grounds.

In support of his claim that the panel's findings were factually and legally insufficient, Mr. Allen argued that "there was no evidence or anything of evidentiary value found" linking Mr. Allen to the assault. ROA Vol. I at 10. In support of his claim that military commanders exercised UCI over his court-martial proceedings, Mr. Allen stated that the military panel was prejudiced by "then-president Obama's repeated and angered public comments demanding military leaders to prosecute every allegation of sexual assault by court-martial" and similar sentiments expressed by the Secretary of Defense. *Id.*

The district court denied Mr. Allen's request for habeas corpus relief, holding that the "the military courts gave full and fair consideration to [Mr. Allen's] claims." *Allen v. Payne*, 2023 WL 4361209, at *2 (D. Kan. June 30, 2023). The district court also explained that relief is not warranted because "neither claim involves a pure

5

question of law" and that the UCI claim "is peculiar to the military courts and thus uniquely military considerations could affect any constitutional analysis." *Id.* Mr. Allen appealed to this court.

## II.　　DISCUSSION

### A.　　*Legal Standards*

"We review the district court's denial of habeas relief de novo," but the scope of our review of military convictions "is limited generally to jurisdictional issues and to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims." *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289–90 (10th Cir. 2007) (internal quotation marks omitted); *see also Burns v. Wilson*, 346 U.S. 137, 144 (1953) ("It is the limited function of the civil courts to determine whether the military have given fair consideration to [a petitioner's] claims."). Therefore, "where an allegation has been fully and fairly considered by the military courts, the federal civil courts may not review the merits." *Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003). "Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand." *Lips v. Commandant*, 997 F.2d 808, 811 (10th Cir. 1993).

In determining whether military courts have failed to afford a claim full and fair consideration, a federal habeas court must evaluate the following four factors, often called the *Dodson* factors:

> 1. The asserted error must be of substantial constitutional dimension[;] 2. [t]he issue must be one of law rather than of disputed fact already determined by the military tribunals[;] 3. [m]ilitary considerations may

warrant different treatment of constitutional claims[;] [and] 4. [t]he military courts must give adequate consideration to the issues involved and apply proper legal standards.

*Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990) (quotation marks omitted). "*Dodson*'s four-factor test illuminates the contours of the full-and-fair-consideration standard and thereby helps us in determining whether military tribunals have not fully and fairly considered a petitioner's claims." *Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 856 (10th Cir. 2023) (quotation marks omitted). "[P]etitioners must establish—in substance—that each of the four *Dodson* factors weighs in their favor to be eligible for full merits review of their claims." *Id.* In other words, "a petitioner's favorable showing regarding [some] *Dodson* factors," but not others, "is not sufficient to set the table for full merits review." *Id.* at 857. A petitioner's failure to make a showing on any one of the *Dodson* factors is "fatal to their efforts to secure full merits review." *Id.* at 858.

## B.    Analysis

With this deferential framework in mind, we turn to Mr. Allen's habeas petition. Mr. Allen asserts two claims before this court: the evidence supporting his convictions is factually and legally insufficient, and his court-martial proceedings

were unfairly prejudiced by the presence of UCI. Mr. Allen cannot satisfy the *Dodson* factors for either of his claims.[2]

We first conclude that neither of Mr. Allen's claims involves a pure question of law. The second *Dodson* factor "indicate[s] that we may only review issues of law rather than of disputed fact already determined by the military tribunals." *Santucci*, 66 F.4th at 874 (quotation marks omitted). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 854 (quotation marks omitted). Mr. Allen's first claim, for insufficiency of the evidence underlying his convictions, implicates questions of fact. Mr. Allen argues that the evidence presented against him at trial was insufficient because, among other purported reasons, the victim's testimony was not credible and there was no physical evidence linking Mr. Allen to the assault. Appellant's Br. at 7–8. The essential question raised by this claim is whether the facts in evidence in the court-martial proceeding were sufficient to justify Mr. Allen's convictions. Any consideration of this claim would require us to weigh the credibility of witnesses and the facts in evidence, going beyond our permissible scope of review of the decisions of military tribunals. *See*

---

[2] Regarding the first *Dodson* factor, we briefly note that Mr. Allen argues that his UCI claim presents a Due Process Clause violation in his opening brief and raises for the first time in his reply brief an allegation that the Government knowingly presented falsified evidence during trial. Setting aside the rule that new arguments generally may not be presented in reply, *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008), we find we do not need to reach a conclusion as to the first *Dodson* factor for either claim, since Mr. Allen's failure to meet other *Dodson* factors necessarily proves fatal to his claims, *see Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 857 (10th Cir. 2023).

*Santucci*, 66 F.4th at 875 ("[I]t [was] *not* the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus." (second and third alteration in original) (quoting *Burns*, 346 U.S. at 144)). Therefore, Mr. Allen's first claim raises a factual question that renders improper our review.

Likewise, Mr. Allen's claim of UCI necessarily involves questions of fact. Mr. Allen claims that his court-martial proceeding was prejudiced by statements to the media made by former President Barack Obama, former Secretary of Defense Chuck Hagel, and former Senator Claire McCaskill urging "a more aggressive stance on sexual abuse" in the military. Appellant's Br. at 4. Considering this claim would require us to evaluate several issues of fact, including whether the statements by President Obama and other officials "constitute unlawful influence," whether there was "unfairness in the court-martial proceedings," and whether "the unlawful influence caused that unfairness." *See United States v. Barry*, 78 M.J. 70, 77 (C.A.A.F. 2018) (listing the elements required to state a claim for UCI). Therefore, each of Mr. Allen's claims involves factual issues rendering improper review on the merits. Mr. Allen's failure to show that the second *Dodson* factor weighs in his favor with respect to either of his two claims is "fatal to [his] efforts to secure full merits review." *Santucci*, 66 F.4th at 858. Accordingly, we affirm the district court's order declining to conduct a full review of his habeas petition on the merits.

Further buttressing denial of Mr. Allen's petition, the third *Dodson* factor also weighs against Mr. Allen's UCI claim, because that claim is specific to military courts.[3] *See Barry*, 78 M.J. at 76 (holding that unlawful influence may be committed by any person subject to the Uniform Code of Military Justice, that is, members of the military); *see also United States v. Harvey*, 64 M.J. 13, 17 (C.A.A.F. 2006) ("Our responsibility to protect the military justice system against unlawful command influence comes from our statutory mandate to provide oversight of the military justice system."). Since "unique military considerations apply to this issue," Mr. Allen's UCI claim fails to satisfy the third *Dodson* factor, which is fatal to his petition for full merits review. *Dodson*, 917 F.2d at 1253.

Finally, we also conclude that Mr. Allen's claims fail on "the most important, that is, the fourth, adequate-consideration factor," because the military courts fully and fairly considered each of Mr. Allen's claims. *Santucci*, 66 F.4th at 858 (internal quotation marks omitted). In his appeals before the ACCA and CAAF, Mr. Allen raised and fully briefed his claims of insufficiency of evidence and UCI. Neither military appellate court found either issue meritorious or requiring discussion. The fact that neither court specifically addressed the arguments for each claim does not favor Mr. Allen. We do not "presume a military appellate court has failed to consider

---

[3] Since we have already concluded that Mr. Allen's claim does not survive under each *Dodson* factor, *see Santucci*, 66 F.4th at 857, and since no arguments are presented concerning whether the sufficiency of the evidence claim implicates unique military concerns, we decline to reach the third *Dodson* factor concerning Mr. Allen's sufficiency of the evidence claim.

10

all the issues presented to it before making a decision." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 672 (10th Cir. 2010). Rather, "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986); *see also Roberts v. Callahan*, 321 F.3d 994, 997 (10th Cir. 2003) ("[W]here an issue is adequately briefed and argued before the military courts the issue has been given fair consideration, even if the military court disposes of the issue summarily."); *see also Thomas*, 625 F.3d at 671 ("[F]ull and fair consideration does not require a detailed opinion by the military court."); *Lips*, 997 F.2d at 812 n.2 (holding that a court gave full and fair consideration to claims that were not specifically addressed in the opinion because the court stated that it had "examined the remaining assignments of error and resolved them against the appellant").

The ACCA gave full and fair consideration to Mr. Allen's claims. Mr. Allen fully briefed the issues of insufficiency of evidence and the presence of UCI in his petition before the ACCA. The ACCA found that the claims did not "merit[] discussion," and affirmed the findings and sentence as adjudged by the court-martial. *Allen*, 2016 WL at *1. Therefore, we may conclude that the ACCA court fully and fairly considered the claims currently before us. We also conclude that the CAAF gave full and fair consideration to Mr. Allen's claims when it denied his petition following "consideration of the petition for grant of review of the decision of the

11

United States Army Court of Criminal Appeals." ROA Vol. III at 39. Because

Mr. Allen has failed to make a sufficient showing as to the fourth—and most

important—*Dodson* factor, the district court correctly declined to conduct a full

merits review of his claims.

For the foregoing reasons, we affirm the district court's denial of Mr. Allen's

petition for habeas corpus.

### C.    Motion to Proceed In Forma Pauperis

Finally, Mr. Allen has filed a motion to proceed IFP. "In order to succeed on

his motion, an appellant must show a financial inability to pay the required filing fees

and the existence of a reasoned, nonfrivolous argument on the law and facts in

support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991); *see also* Fed. R. App. P. 24(a)(3)(A) (providing an exception for

allowing an appellant to proceed IFP when the appeal is not taken in good faith);

*United States v. Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012) (unpublished)

(defining "good faith" as presenting a nonfrivolous issue); *see also Allen v. Falk*, 624

F. App'x 980, 986 (10th Cir. 2015) ("[W]e will only grant pauper status if we

conclude that the appeal contains a non-frivolous argument."); *Rolland v.

Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (considering and

denying a party's motion to proceed IFP because the appellant failed to raise a

reasoned, nonfrivolous argument).

Mr. Allen's claims are frivolous. In the present habeas petition, Mr. Allen

renews two arguments that have been fully and fairly considered by the military

courts and are replete with issues of fact. Thus, it is well established that this court is precluded from conducting a full merits review of Mr. Allen's claims. *Santucci*, 66 F.4th at 856. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (quotation marks omitted). Because Mr. Allen's arguments of error are wholly meritless, we hold that Mr. Allen advanced no nonfrivolous arguments in this habeas petition and accordingly deny his application to proceed IFP.

### III.    CONCLUSION

Because Mr. Allen fails to satisfy all four *Dodson* factors, we DENY his petition for a writ of habeas corpus and DISMISS this matter. We also DENY his motion to proceed IFP.

Entered for the Court


Carolyn B. McHugh
Circuit Judge