**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES FREDERICK WADE,

    Petitioner - Appellant,

v.

MARK FAIRBAIRN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 24-1101
(D.C. No. 1:23-CV-03185-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Petitioner Charles Frederick Wade, a Colorado state prisoner proceeding pro

se,[1] seeks a certificate of appealability ("COA") to appeal from the district court's

dismissal of his habeas petition brought under 28 U.S.C. § 2254. The district court

dismissed Mr. Wade's petition as untimely, concluding it was barred by 28 U.S.C.

§ 2244(d)'s one-year limitations period. We deny Mr. Wade's COA request and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Wade is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

dismiss this matter. We also deny Mr. Wade's motion to proceed in forma pauperis ("IFP") because we conclude that he advances no non-frivolous arguments in this matter.

## I.   BACKGROUND

Mr. Wade was convicted by a jury of sexual assault on a child in 2012. The trial court adjudicated him a habitual sex offender against children in a separate trial and sentenced him to eighteen years to life in prison. On direct appeal, the Colorado Court of Appeals affirmed Mr. Wade's sexual assault conviction, but reversed his habitual sex offender conviction, holding that the trial court erred in admitting and considering testimony in the proceeding that was admitted at trial for only a limited purpose. The court of appeals accordingly vacated Mr. Wade's sentence and remanded the matter for a new habitual sex offender trial. The Colorado Supreme Court denied certiorari. On remand, the trial court once more convicted Mr. Wade of being a habitual sex offender of children and reimposed the eighteen-years-to-life sentence. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari on September 17, 2018.

Mr. Wade filed a petition for postconviction relief with the state district court on September 23, 2021, and the state district court denied relief because the petition was untimely. The Colorado Court of Appeals dismissed Mr. Wade's appeal of this ruling because he failed to timely file an opening brief, even after being granted an extension. Mr. Wade responded, and then filed a petition for rehearing, which the

court of appeals denied. Mr. Wade filed a petition for certiorari with the Colorado Supreme Court, which the court denied because it was untimely.

In his habeas petition before the District of Colorado, filed December 1, 2023, Mr. Wade raised six claims for relief, alleging Confrontation Clause violations, prosecutorial misconduct, judicial misconduct, and ineffective assistance of trial counsel, while also arguing that the victim failed to identify him as the perpetrator of the sexual assault. A magistrate judge issued a report and recommendation concluding that Mr. Wade's federal habeas claims are time-barred under 28 U.S.C. § 2254(d)(2). The magistrate judge explained that Mr. Wade's conviction became final on December 17, 2018, given that the Colorado Supreme Court issued an order denying certiorari review on direct appeal on September 17, 2018, and Mr. Wade did not file a petition for writ of certiorari with the United States Supreme Court. The magistrate judge also noted that Mr. Wade did not file his first petition for postconviction relief in Colorado state court until September 23, 2021, meaning his one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expired on December 18, 2019, without being subject to statutory tolling. The magistrate judge also concluded that Mr. Wade's federal habeas claims could not be saved under principles of equitable tolling, given that he presented no relevant facts or arguments suggesting eligibility for equitable tolling. Accordingly, the magistrate judge recommended denial of the petition and dismissal of the action with prejudice due to untimeliness.

Mr. Wade timely filed objections to the report and recommendation, arguing, among other claims, that he is actually innocent because there was another suspect who he claims actually assaulted the minor, and that the victim's testimony at trial supports that conclusion. The federal district court held that Mr. Wade waived his actual innocence argument by failing to raise it before the magistrate judge. The federal district court then overruled Mr. Wade's objections and adopted the report and recommendation. The federal district court declined to issue a COA and denied Mr. Wade leave to proceed IFP on appeal.

Mr. Wade filed an "objection" to the federal district court's order, claiming the court erred in concluding that his actual innocence argument was newly presented in his objections. The federal district court liberally construed this filing as a Federal Rule of Civil Procedure 59(e) motion for reconsideration and denied the motion because it did not make the necessary showing for reconsideration under Rule 59(e).

Before this court, Mr. Wade claims the federal district court erred in concluding that his actual innocence argument was presented for the first time in his objections to the report and recommendation, claiming that he raised the assertion in his habeas petition. Liberally construed, Mr. Wade also argues he should be entitled to equitable tolling because he has had difficulty conducting research at the law library and he is proceeding pro se.[2]

_____

[2] Mr. Wade also filed a self-styled "Question of Concern," which we liberally construe as a supplement to his opening brief. In his supplemental filing, Mr. Wade makes a vague assertion that, because the deputy district attorney who prosecuted his case was later charged with three drug-related felonies, a special prosecutor should

## II.    DISCUSSION

Mr. Wade must "seek a COA to obtain appellate review of the dismissal of his habeas petition." *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). Because the federal district court denied his petition on procedural grounds without reaching the merits, Mr. Wade must obtain a COA by showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Because the district court was correct to dismiss Mr. Wade's petition as untimely, "no appeal [is] warranted." *Id.* AEDPA establishes a one-year statute of limitations period during which a person in state custody may file a habeas petition. 28 U.S.C. § 2244(d); *see also Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

---

be appointed in this case in lieu of the Colorado Attorney General's Office. However, Mr. Wade makes no specific allegations as to how this alleged conduct affected his prosecution, instead making vague assertions that the deputy district attorney may have been under the influence while working on her case. Before the district court, Mr. Wade briefly mentioned these allegations only in his reply brief before the magistrate judge, without the support of specific argument as to how it affected his case. Arguments raised for the first time in a reply brief are waived. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019). Thus, all reasonable jurists would agree the district court acted properly in disregarding this argument, and we accordingly deny a COA to consider this claim here. *See Slack v. McDaniel*, 529 U.S. 473, 482, 484 (2000).

"Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Mr. Wade does not challenge the district court's conclusions on the timeliness of his petition. Given that Mr. Wade's one-year statute of limitations under AEDPA expired nearly two years before he filed a petition for postconviction relief in state court, no reasonable jurist could "conclude either that the district court erred in dismissing the petition or that [Mr. Wade] should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Mr. Wade instead argues that his petition should be allowed to proceed on the grounds that he alleges actual innocence. The Supreme Court has recognized that under some circumstances, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But this exception applies only in the "extraordinary case," *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010), where the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Only when a petitioner "support[s] his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," *id.* at 324, will he "be allowed to pass through the gateway [of timeliness] and argue the merits of his underlying claims," *id.* at 316. Actual

6

innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The district court held that Mr. Wade waived this claim by raising it for the first time in his objections to the report and recommendation. We have long held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Mr. Wade argues that the district court erred in concluding that he waived his actual innocence argument because it did not liberally construe his petition to allege a claim of actual innocence. But no plausible reading of Mr. Wade's habeas petition shows that he raised a claim of actual innocence. To prevail on a theory of actual innocence, Mr. Wade would have to identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" that could prove his factual innocence. *Schlup*, 513 U.S. at 324; *Bousley*, 523 U.S. at 623. In his opening brief, Mr. Wade asserts that he is actually innocent because the victim supposedly never identified him when speaking with law enforcement or in court, citing portions of his habeas petition supporting that claim. But Mr. Wade identifies no new evidence in his petition, which is fatal to his claim of actual innocence on habeas review. No reasonable jurist could conclude that the district court overlooked a plausible theory of actual innocence in his petition.

Liberally construed, Mr. Wade also contests the district court's conclusion that he is not entitled to equitable tolling. The district court's conclusion here is not

subject to debate. "[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Mr. Wade is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (citations omitted). Extraordinary circumstances that could warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Wade "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Mr. Wade has not shown that "extraordinary circumstances" prevented him from filing within the AEDPA deadline. Mr. Wade generally points to his limited access to the prison law library and his status as a pro se litigant. But Mr. Wade waived this argument by failing to raise it until filing a Rule 59(e) motion to reconsider. *See Marshall*, 75 F.3d at 1426. And in any event, Mr. Wade provides no specific facts to support this allegation. *See Yang*, 525 F.3d at 928. As we have previously explained, a petitioner's limited access to the law library, without more, is not an "extraordinary circumstance[]" that would justify the use of equitable tolling.

*See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that a habeas petitioner is not entitled to equitable tolling when he states he faced difficulty accessing legal materials but "provide[s] no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); *Porter v. Allbaugh*, 672 F. App'x 851, 857 (10th Cir. 2016) (unpublished) ("[W]e . . . conclude that reasonable jurists would not find debatable the district court's determination that [the petitioner's] general grievances [concerning accessing the prison law library] fail to constitute *extraordinary* circumstances."). Furthermore, we have previously held that a petitioner's pro se status does not warrant equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Reasonable jurists therefore "could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Finally, Mr. Wade has filed a motion to proceed IFP. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see also* Fed. R. App. P. 24(a)(3)(A) (stating an appellant may not proceed IFP when the district court "certifies that the appeal is not taken in good faith"); *United States v. Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012) (unpublished) (defining "good faith" as presenting a nonfrivolous issue); *see also Allen v. Falk*, 624 F. App'x 980, 986 (10th Cir. 2015) ("[W]e will only grant pauper status if we conclude that the appeal contains a non-frivolous argument."); *Rolland v.*

*Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (considering and denying a party's motion to proceed IFP because the appellant failed to raise a reasoned, nonfrivolous argument). Because Mr. Wade's arguments of error are wholly meritless, due to the clear procedural bars precluding review of his § 2254 habeas petition, Mr. Wade advanced no nonfrivolous arguments in this habeas petition, and we accordingly deny his application to proceed IFP.

### III.    CONCLUSION

Because Mr. Wade fails to demonstrate that the district court's holdings are debatable or wrong, we DENY his request for a COA and DISMISS this matter. We also DENY his motion to proceed IFP.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10